## WAGENBLAST v. WASHBURN.

A Court of Equity will relieve against mistake, as well as fraud, in a deed or contract in writing, and parol evidence is admissible to show the mistake.

Where the mistake appears upon the face of the instrument itself, Courts will correct the mistake without evidence *aliunde*.

APPEAL from the Sixth District, County of Sacramento.

This was an action of ejectment for a lot of ground in the City of Sacramento.   The cause was tried in the Court below without a jury. The defendant had judgment, and the plaintiff appealed to this Court. The facts sufficiently appear in the opinion of the Court.

*Winans* for Appellant.

A Court of Chancery, though it has authority to correct mistakes, is very reluctant in exerting it, and will only do so where the evidence is perfectly clear.   And even Chancery will grant no relief in such cases as against subsequent *bona fide* purchasers for valuable consideration without notice.   Story's Eq. Juris., vol. 1, sections 151, 139 and 165, with cases cited under Note 1 to said section 165 and sections 435 and 436.

" In all cases of mistake in written instruments, Courts of Equity will interfere only as between the original parties, etc., or purchasers from them with notice of the facts.   As against *bona fide* purchasers for a valuable consideration without notice, Courts of Equity will grant no relief, because they have at least an equal equity to the protection of the Court."   Warwick *v.* Warwick, 3 Atk. 290 and 293 ; Wall *v.* Arrington, 13 Georgia, 89 ; Woodworth *v.* Guzman, 1 Cal. 203.

In the case last cited, the right to correct a mistake in a mortgage is admitted, as against a mortgagor, but not against a person claiming under him, unless the latter has actual notice of the existence of the prior lien.   Again, even if Chauviteau had notice of the mistake, which is not admitted, still that does not defeat plaintiff's right to recover. A notice to a prior purchaser, grantor or assignor, even in a Court of Equity, does not affect the rights of a subsequent purchaser, grantee or assignee in good faith, for a valuable consideration and without notice.   1 Story's Eq., sections 409 and 401 ; Sugden on Vendors, 1037, section 20, vol. 2 of 7th Am. Ed., p. 533 ; Curtiss *v.* Mundy, 3 Met. 407 ; Argendright *v.* Campbell, 3 Hen. and Munf. 144.

" It is not sufficient to prove facts that would reasonably put the subsequent grantee on inquiry."   Pomeroy *v.* Stevens, 11 Met. 244 : Spofford *v.* Weston, 29 Maine, 140 ; and see Sugden on Vendors,

1040 and 1041 ; Fort *v.* Birch, 6 Barbour, 60 ; Tuthill *v.* Jackson, 6 Wend. 226 ; Jackson *v.* Van Valkenberg, 8 Cowen, 260 ; Jackson *v.* Given, 8 Johns. 137 ; Mundy *v.* Vawter, 3 Grattan, 518 ; Doe *v.* Reed, 4 Scannell, 117.

*Clark & Gass* for Respondents.

In this case we hold that the mistake is so palpable, and the intention of the parties so clear, from the face of the deed itself, that the word " west " will be at once rejected, and should it be necessary, the word " east " will be substituted for it.

In the language of the District Judge who tried the case, " The error is one patent upon the face of the deed, and could mislead nobody."

Let us read the description, and see what information we derive from it. The description in respondent's mortgage is as follows :

" The following described real estate, situate, lying and being in the City of Sacramento, and described on the map of said city as a part of lot number one, (1) in the square between K and L, Third and Fourth streets, bounded as follows : commencing at a point sixty feet west of the corner of K and Third streets, thence east on K street twenty (20) feet, thence southerly ninety (90) feet, thence westerly twenty (20) feet, thence northerly ninety (90) feet, to the place of beginning."

To locate this lot in the proper place, you have only to reject, or do violence to one of the calls of respondent's mortgage. But suppose you locate it as appellant's counsel would have you to do, in the middle of Third street, let us see how much of the description you would reject.

1st. You would reject that portion of the description which locates it in the square by K and L, Third and Fourth streets ; for if in the middle of the street, it cannot be in the square formed by the intersections of four streets.

2nd. You reject that portion of the description which describes it as part of lot one ; for the street cannot be any portion of the square formed by streets.

3rd. You cannot bound it twenty feet on K street, unless you arbi-

trarily say, that where K and Third streets intersect each other, K street absorbs that portion of Third.

4th. To locate it as appellant demands, you commence at the corner of K and Third, run along the line of K street, (having arbitrarily determined that it is K street instead of Third) west sixty feet, for your initial point. Your next call is east twenty feet, which brings you back twenty feet on the same line you have already run. If this had been the location intended, the draftsman would have said, " commencing forty feet west of the corner of K and Third streets, thence west twenty feet," etc. Substitute east for west, and the description is natural and proper, and does not require you, in making the survey, to run over the same line twice, commencing sixty feet east of the corner of K and Third streets, thence east twenty feet, etc.

Counsel for appellant denies that where " west " is used when " east " is intended, that we can substitute the one word for the other.

It is perhaps not necessary for us to contend for this power of substitution, in this case ; for without using either word, east or west, the description in this mortgage is sufficient for the correct location of this lot.

If we leave out the word " west," the description will then be, " Part of lot one in the square, etc., commencing sixty feet from the corner of K and Third streets, thence east along the line of K street twenty feet, thence southerly," etc. In this description the surveyor is directed to commence sixty feet from the corner of K and Third streets, without being told whether it is sixty feet north, south, east or west, and yet he can have no difficulty in ascertaining his starting point.

If he commences sixty feet west of the corner, he will not be upon lot one, nor in the square between K and L, Third and Fourth streets; nor will twenty feet east from that point, which is the next call, bring him either to lot one, or to the square between the streets named.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

This is an action of ejectment for a lot in Sacramento city. The plaintiff and defendant both deraign title through mesne conveyances

from one Hein; the defendant's conveyance being prior in point of date. In this conveyance the premises are described as a lot in Sacramento city, " described on the map of said city as a part of lot No. 1, in the square between K and L, and Third and Fourth streets, bounded as follows: Commencing at a point sixty feet west of the corner of K and Third streets, thence east on K street twenty feet," etc.

By reference to the map, it appears that the lot in question lies wholly east of the corner of K and Third streets, and that the description given in the deed would locate the premises in Third street.

The rule is, that effect must be given to the intention of the parties, when it can be gathered from the instrument. Here it appears that the parties intended to convey a portion of lot one. This lot extends eighty feet east from the corner of K and Third streets; excluding the word west, which is evidently a mistake, the description is perfect to all that portion of the lot which lies between the point of beginning and the adjoining lot.

A Court of Equity will relieve against mistake as well as fraud, in a deed or contract in writing, and parol evidence is admissible to show if it be denied in the answer. (2 John. Ch. 585.) Here the mistake appears upon the face of the paper itself, and does not require to be shown by parol. The case comes fully within the authority of Jackson v. Marsh, (6 Cowen, 281) which is cited by the appellant.

Judgment is affirmed.