## WHITE ET AL. *v.* LUNING.

1. The rule that monuments, natural or artificial, rather than courses and distances, control in the construction of a conveyance of real estate, will not be enforced, when the instrument would be thereby defeated, and when the rejection of a call for a monument would reconcile other parts of the description, and leave enough to identify the land.
2. So far as it relates to the description of the property conveyed, the rule of construction is the same, whether the deed be made by a party in his own right or by an officer of the court.

ERROR to the Circuit Court of the United States for the District of California.

This was an action of ejectment by the defendant in error to recover the possession of certain lands situate in Santa Cruz County, Cal., being a part of the rancho Sal Si Puedes, and containing 1,021¾ acres.

By written stipulation of the parties, the case was tried by the court, which found the following facts : —

*First*, That the rancho Sal Si Puedes lies partly in the county of Santa Cruz and partly in the county of Santa Clara, and was finally surveyed and patented to the claimants, of whom the said White was one, in the year 1861.

*Second*, On the eleventh day of April, 1866, said White was the owner of certain portions of the said Sal Si Puedes rancho, and, as such owner, mortgaged the same to the plaintiff herein.

*Third*, An action was afterwards commenced by the plaintiff herein, in the District Court of the Third Judicial District of the State of California for the county of Santa Cruz, against the said White and other defendants, to foreclose said mortgage ; and such proceedings were duly had therein, that on the eleventh day of April, 1866, a judgment of foreclosure and sale was entered therein, whereby, among other things, it was decreed that the mortgaged premises should be sold at public sale by the sheriff of Santa Cruz County, and the proceeds of such sale should be paid over to the plaintiff therein. The premises in controversy were embraced in said mortgage, and in the lands directed to be sold by said decree.

*Fourth*, That afterwards the said White directed the said sheriff to sell said mortgaged premises in parcels, one of which parcels contained 1,021¾ acres; and said sheriff thereupon, in obedience to said judgment and said directions of said White, on the twentieth day of August, 1866, duly sold said premises in parcels, and at said sale the plaintiff became the purchaser of three of said parcels for the sum of $15,600, the other parcels being sold to other purchasers; which parcels are not separately described in the decree and order of sale, but are embraced in the description therein set forth.

*Fifth*, That afterwards, and in pursuance of said sale, on the twenty-seventh day of February, 1867, the time for redemption from said sale having elapsed, Albert Jones, sheriff of the county of Santa Cruz, executed, acknowledged, and delivered to the plaintiff his sheriff's deed, wherein it was recited that by a certain judgment of foreclosure and sale, entered in the

District Court of the Third Judicial District of the State of California in and for the county of Santa Cruz, in the action of Nicholas Luning, plaintiff, against William F. White, Frances J. White, Eugene Casserly, and Nicholas McCarty, defendants, on the eleventh day of April, 1866, the said sheriff was commanded to sell at public auction, according to law, to satisfy the said judgment, amounting to $23,968.69, and interest and costs of suit, and expenses of sale.

That in pursuance of a certified copy of the order of sale, duly delivered to the said sheriff, he duly advertised, and sold at public auction, on the twentieth day of August, 1866, at twelve o'clock noon, to the highest bidder, for cash, three several parcels of land to the plaintiff for the sum of $15,600, he being the highest and best bidder therefor, and delivered to him a certificate of sale, as required by law; that the time allowed by law for redemption expired without redemption having been made; that said sheriff, in pursuance of said judgment and of the statute in such case made and provided, for the consideration of $15,600 granted and conveyed to the plaintiff the said three parcels of land firstly, secondly, and thirdly described in said deed.

That the premises sought to be recovered in this action are described in said deed as one of said parcels, as follows : —

" All that tract of land situate in the county of Santa Cruz, being part of the rancho Sal Si Puedes, beginning at a post, marked 'S,' which stands in the old fences on the south boundary of the land of W. F. White, S. 46½° E. $6\frac{8}{100}$ chains, from the east line of White's valley partition ; thence, by true meridian (magnetic variation, 15° 30′ E.), along said fence and on said line of partition the following courses : S. 46° 30′ E. $20\frac{47}{100}$ chains, S. 60° 30′ E. $4\frac{12}{100}$ chains, S. 73° E. $4\frac{24}{100}$ chains, S. 77° E. $12\frac{14}{100}$ chains, S. 88½° E. 18 chains, S. 69¼° E. $3\frac{70}{100}$ chains, N. 47½° E. 127 chains, to the north boundary of the rancho Sal Si Puedes on the mountains; thence along said north boundary the following courses : N. 52½° W. $11\frac{10}{100}$ chains, S. 75½° W. $15\frac{90}{100}$ chains, S. 79° W. $11\frac{40}{100}$ chains, N. 20° W. 2 chains, S. 83½° W. $12\frac{80}{100}$ chains, N. 72° W. $13\frac{70}{100}$ chains, N. 22¼° W. $6\frac{20}{100}$ chains, N. 65° W. $5\frac{16}{100}$ chains, N. 59½° W. $7\frac{93}{100}$ chains, N. 42¼° W. $14\frac{71}{100}$ chains, N. 1° E. 11 chains, N. 3° W. $25\frac{90}{100}$ chains, N. 26¾° W. $4\frac{50}{100}$ chains, S. 46¼° W. $77\frac{75}{100}$ chains, to the pasture fence ;

thence along said pasture fence the following courses : S. 34° 20′ E. 11$\frac{43}{100}$ chains, S. 10° E. 3$\frac{16}{100}$ chains, S. 27$\frac{1}{2}$° W. 4$\frac{71}{100}$ chains, S. 40° W. 2$\frac{36}{100}$ chains, S. 65° 50′ W. 4$\frac{80}{100}$ chains, S. 47$\frac{1}{2}$° W. 4$\frac{86}{100}$ chains, S. 72$\frac{1}{2}$° W. 10$\frac{55}{100}$ chains, S. 89$\frac{1}{2}$° W. 5$\frac{27}{100}$ chains, S. 65° W. 11$\frac{74}{100}$ chains, to a post marked S, from which a forked red oak, 12 inches in diameter, marked 'B. T.,' bears S. 65° W., distant 38 links ; thence S. 47° 42′ E. 50$\frac{32}{100}$ chains, to a post on the south side of a ravine, and thence S. 41° 37′ E. 17$\frac{32}{100}$ chains to the place of beginning, containing 1,021$\frac{3}{4}$ acres."

*Sixth,* That the post marked " S," being the point of beginning mentioned in said deed, the fence along the line of partition, the mountains, the pasture fence, the forked red oak marked " B. T.," the post on the south side of a ravine, all of which are called for in said deed, are all well known and existing monuments, and are all within the county of Santa Cruz. That the said partition fence does not run to or in the direction of either the north boundary of the rancho Sal Si Puedes or the mountains, but runs nearly parallel thereto, and that the course N. 47$\frac{1}{2}$° E. 127 chains is not the course of such partition fence, but is nearly at right angles thereto. That the summit of the first range of mountains is the northerly boundary line between said county of Santa Cruz and said county of Santa Clara, and said summit and said county line are about the distance of 127 chains from the point in said fence where the course N. 47$\frac{1}{2}$° E. begins, and in the direction of said course.

That the northerly boundary of said rancho Sal Si Puedes is not in the county of Santa Cruz, but in the county of Santa Clara, on another range of mountains, about three-quarters of a mile beyond the summit of said first range of mountains, and beyond the said county line situate thereon in the same (northerly) direction.

That leaving said fence at the point where the course N. 47$\frac{1}{2}$° E. 127 chains begins, and running thence the said course and distance, and all the remaining courses and distances as laid down in said deed, but rejecting the words of the call at the end of said course, " the north boundary of the rancho Sal Si Puedes on," and, " along said north boundary," and changing the last course of the description from S. 41° 37′ E.,

so as to make it read S. 41° 37' W. 17$\frac{23}{100}$ chains to the place of beginning; all other calls, monuments, courses, and distances in said deed completely harmonize, and the lines enclose a tract of land containing 1,021$\frac{3}{4}$ acres of land situate entirely within the county of Santa Cruz, being the quantity of land called for in said sheriff's deed, and the same tract of land sued for in this action; or, in other words, if, from the point of beginning, the courses and distances of said description contained in said sheriff's deed, being the field-notes of the survey, are followed from the point of beginning, changing east into west in the last course, the lines would close, embracing the said lands, and would correspond with all the other calls and monuments mentioned in the deed, except that there would be a departure at nearly right angles from the fence at the beginning of the call N. 47$\frac{1}{2}$° E. 127 chains, and the lines would not extend to, or in any manner correspond with, the north boundary of the rancho Sal Si Puedes.

*Seventh*, That if the course N. 47$\frac{1}{2}$° E. should be continued some three-quarters of a mile beyond the 127 chains called for in the deed, to the north boundary of the rancho Sal Si Puedes, and from that point the remaining courses and distances be run according to the calls in the said sheriff's deed, the line so run would not follow the north line of the rancho other than its general course, nor touch the partition fence, nor correspond with any of the other subsequent calls named in the deed, nor would the lines close, nor would they enclose the land sued for, nor the quantity called for in the deed.

*Eighth*, That if from the point at the end of the course N. 47$\frac{1}{2}$° E. 127 chains the remaining courses and distances should be run as laid down in the said sheriff's deed to the point of beginning of the course "S 46$\frac{1}{4}$° W. 77.76 chains to the pasture fence," the said line would run along the summit of the said first mountain range in the same general direction of the county line, but would not follow it; running thence the last-named course and distance, the partition fence would be reached, not in the general course of the county line, but in a course nearly at right angles to the general course of said county line. The pasture fence, and all calls, other than these herein in the sixth and ninth findings named as excepted and

rejected, would be reached by following the courses and distances called for in the said sheriff's deed.

*Ninth,* That all the calls in the said description cannot be harmonized so as to enclose the premises sought to be recovered, nor any other land; that the call for continuing the line along White's valley partition fence beyond the point where the call for course and distance is " N. $47\frac{1}{2}$° E.," is repugnant and inconsistent; that the call for the northern boundary of the rancho Sal Si Puedes on the mountains is false and mistaken; that the calls to run along that northern boundary till the pasture fence is reached is alike false and mistaken; that without rejecting each of the said false, mistaken, and repugnant calls, the description will not enclose the land in controversy.

That afterwards the defendants entered upon and ousted the plaintiff from said land, and at the commencement of this action were and are still in possession thereof, without any title thereto whatsoever.

The court further found as conclusions of law, —

*First,* That the said false, mistaken, and repugnant calls in these findings mentioned should be rejected from the said description, and the calls for courses and distances from the starting-point be adopted as descriptive of the lands conveyed by said sheriff's deed, rejecting the said false, mistaken, and repugnant calls therefrom.

*Second,* That by virtue of said sale and sheriff's deed the title to the land described in the plaintiff's complaint became, and still is, vested in fee-simple absolute in the plaintiff herein, and that the plaintiff is entitled to recover in this action the land and premises described in the complaint by courses and distances, rejecting from the description in the said sheriff's deed the said false, mistaken, and repugnant calls, together with his costs of suit.

The court thereupon gave judgment for the plaintiff.

The defendants thereupon sued out this writ, and assign for error in this court the action of the court below in admitting the sheriff's deed to prove title to the land sued for.

The description of the premises as furnished to the sheriff and that contained in the complaint is as follows: —

| DESCRIPTION FURNISHED TO THE SHERIFF. | DESCRIPTION IN THE COMPLAINT. |
| --- | --- |
| All that tract of land situate in the county of Santa Cruz, being part of the rancho Sal Si Puedes; beginning at a post marked S, which stands in the old fences on the south boundary of the land of W. F. White, south 46½° east $\frac{8}{100}$ chains from the east line of White's valley partition; thence, by true meridian (magnetic variation 15° 30' east), along said fence and on said line of partition the following courses:— | All that tract of land situate in the county of Santa Cruz, being part of the rancho Sal Si Puedes; beginning at a post marked S, which stands in the old fences on the south boundary of the land of W. F. White, south 46½° east 6.06 chains from the east line of White's valley partition; thence, by true meridian (magnetic variation 15° 30' east), along said fence and on said line of partition the following courses:— |
| 1. South 46° 30' east 20 $\frac{47}{100}$ chains. | South 46° 30' east 20.47 chains. |
| 2. South 60° 30' east 4 $\frac{12}{100}$ chains. | South 60° 30' east 4.12 chains. |
| 3. South 73° east 4 $\frac{24}{100}$ chains. | South 73° east 4.24 chains. |
| 4. South 77° east 12 $\frac{14}{100}$ chains. | South 77° east 12.14 chains. |
| 5. South 88½° east 18 chains. | South 88½° east 18 chains. |
| 6. South 69¼° east 3 $\frac{70}{100}$ chains; thence | South 69¼° east 3.70 chains; thence |
| 7. North 47½° east 127 chains *to the north boundary of the rancho Sal Si Puedes on the mountains;* thence *along the said north boundary* the following courses:— | North 47½° east 127 chains; thence the following courses:— |
| 8. North 52½° west 11 $\frac{10}{100}$ chains. | North 52½° west 11.10 chains. |
| 9. South 75½° west 15 $\frac{90}{100}$ chains. | South 75½° west 15.90 chains. |
| 10. South 79° west 11 $\frac{40}{100}$ chains. | South 79° west 11.40 chains. |
| 11. North 20° west 2 chains. | North 20° west 2 chains. |
| 12. South 83½° west 12 $\frac{80}{100}$ chains. | South 83½° west 12.80 chains. |
| 13. North 92° west 13 $\frac{70}{100}$ chains. | North 72° west 13.70 chains. |
| 14. North 22¼° west 6 $\frac{20}{100}$ chains. | North 22¼° west 6.20 chains. |
| 15. North 65° west 5 $\frac{16}{100}$ chains. | North 65° west 5.16 chains. |
| 16. North 59½° west 7 $\frac{93}{100}$ chains. | North 59½° west 7.93 chains. |
| 17. North 42½° west 14 $\frac{71}{100}$ chains. | North 42½° west 14.71 chains. |
| 18. North 1° east 11 chains. | North 1° east 11 chains. |
| 19. North 3° west 25 $\frac{90}{100}$ chains. | North 3° west 25.90 chains. |
| 20. North 26¾° west 4 $\frac{50}{100}$ chains. | North 26¾° west 4.50 chains. |
| 21. South 46¼° west 77 $\frac{75}{100}$ chains to the pasture fence; thence along the pasture fence the following courses:— | South 46¼° west 77.76 chains to the pasture fence; thence along the pasture fence the following courses:— |
| 22. South 34.20° east 11 $\frac{43}{100}$ chains. | South 34.20° east 11.43 chains. |

## BOUNDARIES OF LOT NO. 1.

| NO. | COURSE. | DIST. | NO. | COURSE. | DIST. |
|---|---|---|---|---|---|
| 1 | S. $46\frac{1}{2}$ E. | 20.47 | 17 | N. $42\frac{1}{4}$ W. | 14.71 |
| 2 | S. $60\frac{1}{2}$ E. | 4.12 | 18 | N. 1° E. | 11.00 |
| 3 | S. 73 E. | 4.24 | 19 | N. 3 W. | 25.90 |
| 4 | S. 77 E. | 12.14 | 20 | N. $26\frac{3}{4}$ W. | 4.50 |
| 5 | S. $88\frac{1}{2}$ E. | 18.00 | 21 | S. $46\frac{1}{4}$ W. | 77.76 |
| 6 | S. $69\frac{1}{4}$ E. | 3.70 | 22 | S. $34\frac{1}{3}$ E. | 11.43 |
| 7 | N. $47\frac{1}{2}$ E. | 127.00 | 23 | S. 10 E. | 3.76 |
| 8 | N. $52\frac{1}{2}$ W. | 11.10 | 24 | S. $27\frac{1}{2}$ W. | 4.71 |
| 9 | S. $75\frac{1}{2}$ W. | 15.90 | 25 | S. 40 W. | 2.36 |
| 10 | S. 79 W. | 11.40 | 26 | S. $69\frac{5}{6}$ W. | 4.90 |
| 11 | N. 20 W. | 2.00 | 27 | S. $47\frac{1}{2}$ W. | 4.86 |
| 12 | S. $83\frac{1}{2}$ W. | 12.80 | 28 | S. $72\frac{1}{2}$ W. | 10.55 |
| 13 | N. 72 W. | 13.70 | 29 | S. $39\frac{1}{2}$ W. | 5.27 |
| 14 | N. $22\frac{1}{4}$ W. | 6.20 | 30 | S. 69 W. | 11.74 |
| 15 | N. 65 W. | 16.00 | 31 | S. 47.42 E. | 50.52 |
| 16 | N. $59\frac{1}{2}$ W. | 7.93 | 32 | S. 41.37 W. | 17.32 |

[See Table on the reverse.]

23. South 10° east 3$\frac{16}{100}$ chains.

South 10° east 3.16 chains.

24. South 27$\frac{1}{2}$° west 4$\frac{71}{100}$ chains.

South 27$\frac{1}{2}$° west 4.71 chains.

25. South 40° west 2$\frac{36}{100}$ chains.

South 40° west 2.36 chains.

26. South 65.50° west 4$\frac{90}{100}$ chains.

South 65.50° west 4.90 chains.

27. South 47$\frac{1}{2}$° west 4$\frac{86}{100}$ chains.

South 47$\frac{1}{2}$° west 4.86 chains.

28. South 72$\frac{1}{2}$° west 10$\frac{55}{100}$ chains.

South 72$\frac{1}{2}$°. west 10.55 chains.

29. South 89$\frac{1}{2}$° west 5$\frac{27}{100}$ chains.

South 89$\frac{1}{2}$° west 5.27 chains.

30. South 65° west 11$\frac{74}{100}$ chains to a post marked S, from which a forked red oak, 12 inches in diameter, marked " B. T.," bears south 65° west, distant 38 links; thence

South 65°. west 11.74 chains to a post marked S, from which a forked red oak, 12 inches in diameter, marked " B. T.," bears south 65° west, distant 38 links; thence

31. South 47° 42′ east 50$\frac{32}{100}$ chains to a post on the south side of a ravine; and thence

South 47° 42′ east 50.52 chains to a point on the south side of a ravine; and thence

32. South 41° 37′ east 17$\frac{82}{100}$ chains to the place of beginning, containing 1,021$\frac{3}{4}$ acres.

South 41° 37′ west 17$\frac{82}{100}$ chains to the place of beginning, containing 1,021$\frac{1}{4}$ acres.

The accompanying map indicates the position of the land in controversy.

The case was argued by *Mr. Montgomery Blair* for the plaintiffs in error.

A sheriff's deed is strictly construed, and no property passes by it which is not described with reasonable certainty. *Mason* v. *White,* 11 Barb. 173 ; *Rector* v. *Hart,* 7 Mo. 531 ; *Clemens* v. *Raunells,* 34 id. 579.

Every part of the description in such a deed must be read and satisfied with reasonable certainty, and no part of it can be rejected for its falsity. 19 N. H. 290 ; 22 Wis. 167 ; 1 N. H. 93 ; *Raymond* v. *Longworth,* 14 How. 76 ; *Dyke* v. *Lewis,* 2 Barb. 344 ; *Tallman* v. *White,* 2 Comst. 66 ; *Jackson* v. *De-Lancy,* 11 Johns. (N. Y.) 367 ; *Jackson* v. *Rosevelt,* 13 id. 97.

Hence, a description in which the calls cannot be harmonized, and in which several of the calls for monuments and one for courses must be rejected to enclose the land, has not the certainty required by law.

A sheriff's deed does not, like a deed *inter partes,* admit of the consideration of extraneous circumstances to arrive at its intent. Its intent must be found in its terms ; and, if they are contradictory, it is void, unless the circumstances are such as to entitle the grantee to have the deed reformed.

The proceeding to reform it is, in its nature, an equitable one, in which the relief and the grounds upon which it is asked must be stated in the pleadings. In the absence of such a prayer, even if the proof showed a case for equitable relief, it would be error in the court to grant it, either directly by decree reforming the deed, or in effect by rejecting calls found to be false, mistaken, and repugnant.

No case for equitable relief is shown. There is no proof that it was actually made known that the land in question was the land offered for sale, or that it was a fair sale, or that any thing at all was paid for it.

*Mr. William Henry Rawle* for the defendant in error.

In cases of deeds *inter partes*, erroneous descriptions will be rejected to conform to the true intent of the deed. *Brown* v. *Huger*, 21 How. 306 ; *Howe* v. *Bass*, 2 Mass. 380 ; *Penman* v. *Wead*, 6 id. 132 ; *Caldwell* v. *Holder*, 40 Penn. 168 ; *Lodge* v. *Barnet*, 46 id. 477 ; *Warter* v. *Picot*, 33 Mo. 490 ; *Kellogg* v. *Muller*, id. 571 ; *Park* v. *Pratt*, 38 Vt. 545.

In the case of conflicting monuments, the rule of law is, that the courses and distances are evidence of the true description ; and where it appears from the deed that a monument is erroneously inserted, it will be rejected. *Shipp* v. *Miller*, 2 Wheat. 316 ; *Barclay* v. *Howell*, 6 Pet. 511 ; *Atkinson* v. *Cummins*, 9 How. 485 ; *Noonan* v. *Lee*, 2 Black, 504 ; *Davis* v. *Rainsford*, 17 Mass. 207 ; *Thatcher* v. *Howland*, 2 Met. (Mass.) 41 ; *Park* v. *Loomis*, 6 Gray (Mass.), 472 ; *Bosworth* v. *Shutsvort*, 2 Cush. (Mass.) 393 ; *Hamilton* v. *Foster*, 45 Me. 40 ; *Evans* v. *Greene*, 21 Mo. 481 ; *Gibson* v. *Bogy*, 28 id. 481 ; *Bass* v. *Mitchell*, 22 Texas, 285 ; *Browning* v. *Atkinson*, 37 id. 633 ; *Bagley* v. *Morrill*, 46 Vt. 99.

It is obvious that when the reason ceases for making monuments control, the rule also ceases ; and, *a fortiori*, where, as in this case, all the courses and four subsequent boundaries harmonize, *one* conflicting boundary will be rejected.

The expression of the quantity of land contained in the deed is very material. *Kirkland* v. *Way*, 3 Rich. 4 ; *Mann* v. *Pearson*, 2 Johns. 37 ; *Fuller* v. *Caw*, 33 N. J. 157 ; 1 Greenl. on Ev. p. 437, note. So, also, is the question of ownership. *Dygert* v. *Phelps*, 25 Wend. 404 ; *Piper* v. *True*, 36 Cal. 619.

In all that relates to the description of the property conveyed, the rules of construction are the same in all deeds, whether *inter partes* or made by officials.   *Atkinson* v. *Cummins*, 9 How. 479; *Marshall* v. *Greenfield*, 8 Gill & Johns. 358; *Lodye* v. *Barnett*, 46 Penn. St. 483; *Bartlett* v. *Judd*, 21 N. Y. 200; *Mellow* v. *Hammond*, 17 Mo. 192; *Wing* v. *Burgis*, 13 Me. 111; *Higgins* v. *Ketchum*, 4 Dev. & Bat. (N. C.) L. 414; *Farys* v. *Farys*, 1 Harp. (S. C.) 261; *Reid* v. *Healsey*, 9 Dana (Ky.), 326; *Shewalter* v. *Pisner*, 55 Mo. 219; *Doe* v. *Vallejo*, 29 Cal. 388; *Quivey* v. *Baker*, 37 id. 471; *Dyson* v. *Leek*, 2 Rich. (S. C.) 543; *Bates* v. *Bank*, 15 Mo. 311; *Bank* v. *Bates*, 17 id. 583; *Lisa* v. *Lindell*, 21 id. 128; *Coffee* v. *Silvan*, 15 Texas, 354; *Hackworth* v. *Zollars*, 30 Iowa, 433; *Dygert* v. *Phelps*, 25 Wend. (N. Y.) 402.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is the case of a mortgagor unable to pay his debt, and getting it satisfied by a judicial sale of the mortgaged premises, who, on the ground that no title passed by reason of misdescription in the deed of the sheriff, seeks to prevent his creditor, who purchased them, from recovering possession.   And this, too, when, if there be any misdescription, it was presumably caused by him, as they were offered for sale in parcels, by his direction and for his advantage.   As the court does not find that the descriptive errors misled any person, or caused any sacrifice of the property, the presumption is, that no one was injured, and that the property brought a full price.   Obviously, therefore, there are no merits in this defence.   It rests alone on the idea that sheriffs' deeds and ordinary deeds *inter partes* are subject to different rules of construction.   In regard, however, to the description of the property conveyed, the rules are the same, whether the deed be made by a party in his own right, or by an officer of the court.   The policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them.   On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistently with legal rules, the object they were intended to accomplish.   Is this deed void for uncertainty of description, or can the property intended to be conveyed be

reasonably located by means of that description? The court below located it by adopting, except in one instance, the calls for courses and distances, and rejecting as false and repugnant certain calls for known objects. It is true, that, as a general rule, monuments, natural or artificial, referred to in a deed control, on its construction, rather than courses and distances; but this rule is not inflexible. It yields whenever, taking all the particulars of the deed together, it would be absurd to apply it. For instance, if the rejection of a call for a monument would reconcile other parts of the description, and leave enough to identify and render certain the land which the sheriff intended to convey, it would certainly be absurd to retain the false call, and thus defeat the conveyance.

Greenleaf, in his Treatise on Evidence (vol. i. sect. 301), in speaking on this subject, in effect says, That where the description in the deed is true in part, but not true in every particular, so much of it as is false is rejected, and the instrument will take effect if a sufficient description remains to ascertain its application. Applying this rule to the subject-matter of this deed, we do not think there is any difficulty in reaching the conclusion that the description is sufficiently certain to pass the title to the land.

The court below found, among other things, that if the courses and distances, being the field-notes of the survey, are followed from the point of beginning, changing east into west in the last course, the lines would, by closing, embrace the tract of land sued for, and correspond with all the other calls and monuments mentioned in the deed, except that there would be a departure at nearly right angles from the partition fence at the beginning of the call N. 47½° E. 127 chains, and the lines would not extend to, nor in any manner correspond with, the north boundary of the rancho Sal Si Puedes. There are, therefore, three descriptive errors, which, if removed from the deed, would harmonize all other particulars in it, and leave enough words of description to identify the demanded premises.

These errors will be noticed in the order stated by the court. The deed closes with these words: " and thence S. 41° 37′ E. 17.32 chains to the place of beginning." This distance was correct, and so, except in one particular, was the course. It

should have been *west* instead of *east*.   To follow the course as given would manifestly not close the lines of the survey ; and as, other things being equal, boundaries prevail over courses, the court rejected the latter and adopted the former as the true description in this particular.   This was so obviously right, that further comment is unnecessary.

The next error relates to the " fence along the line of partition."

There is a call for this fence as a boundary during the running of seven courses ; but it is plainly a false call, after the sixth course has been run, for the seventh course departs at nearly right angles from the line of the fence, and if this course be rejected and the call for the fence retained, none of the other calls in the deed can be complied with, and the instrument is wholly unintelligible.   On the contrary, if this course be accepted as the true description, and the call for the fence be discarded at the termination of the sixth course, there is no difficulty of harmonizing the other parts of the deed, with the exception of the northern boundary, and the difficulty there, we think, can be easily removed.   It would therefore be manifestly wrong, not to say absurd, to retain the call for the fence, and reject the call for the course and distance.   The reason why monuments, as a general thing, in the determination of boundaries control courses and distances, is, that they are less liable to mistakes ; but the rule ceases with the reason for it.   If they are inconsistent with the calls for other monuments, and it is apparent from all the other particulars in the deed that they were inadvertently inserted, the reason for retaining them no longer exists, and they will be rejected as false and repugnant.   This applies with equal if not greater force to the last and main error in this deed.   Adopting the seventh course as the true description, the calls in the deed proceed as follows : " N. 47½° E. 127 chains to the north boundary of the rancho Sal Si Puedes on the mountains, thence along said north boundary the following courses," &c.

The calls for these boundaries are equally false and mistaken with the call for continuing the line along the partition fence, as is clearly shown in the findings of fact by the court below. There are two ranges of mountains in the direction of the

course N. 47½° E. The summit of the first range is the northerly boundary line between the counties of Santa Cruz and Santa Clara, and both the summit and county line are about the distance of 127 chains from the point in the partition fence where the course N. 47½° E. begins.

There is another range of mountains in the same northerly direction, in the county of Santa Clara, about three-quarters of a mile beyond the summit of the first range, and the northerly boundary of the rancho Sal Si Puedes is on this range of mountains.

The calls for courses and distances run along the summit of the first range, and do not apply to the second. Besides this, if the summit of the first be treated as the boundary intended to be called for, all other calls, monuments, courses, and distances in the deed completely harmonize, except the two descriptive errors which have already been corrected, and the lines enclose a tract of the precise number of acres sued for, lying wholly within the county of Santa Cruz. But if the call for " the north boundary of the rancho " be retained as the true description, there is not only conflict with all the remaining courses and distances, but all the subsequent monuments mentioned in the deed, and the lines would not enclose the land in controversy, nor, indeed, any other. With all these facts to rest upon, is not the conclusion irresistible, that the words of the call at the end of the course N. 47½° E. 127 chains — to wit, " the north boundary of the rancho Sal Si Puedes on the mountains," and " along said boundary the following courses " — were mistakenly inserted, and should be rejected? Rejecting them, with the other particulars we have named, from the deed as false and inconsistent with the other parts of the description which are true, and of themselves sufficient to make a complete instrument, we are able to give effect to this judicial sale, according to the plain and manifest meaning of the officer who had it in charge.

It is rare, where so many field-notes of the survey of an irregularly shaped tract of land are incorporated in a deed, that there are so few mistakes. The courses and distances in this deed are numerous, and are all correct, except the last; and there the only error is in the course, which is easily corrected,

as the call is for the post where the survey begins.   And these courses and distances enclose the identical land in dispute.   In such a case, it would be wrong to let two false boundaries stand in order to defeat a conveyance.

It is proper to remark that a map will accompany the report of this case, so as to make this opinion intelligible.

*Judgment affirmed.*