Tracy, J.
The plaintiff’s right to recover in this action is resisted upon the ground,—First, that if he has any title whatever to the premises in question, it is to an undivided twelfth interest thereof, and not to the entire lot; and, having claimed the whole of the premises, cannot have judgment for an undivided part *118 without amending his complaint. Second, that the section of the Code which permits a grantee of land to maintain an action in the name of a grantor, where the grant or grants are void by reason of the actual possession of the person claiming under a title adverse to that of the grantor, at the time of the delivery of the grant, is limited to the first grantee, and does .not extend to a remote grantee of the premises. Third, that the assignee in bankruptcy had no power to convey or dispose of the premises, except in pursuance of an order of the bankrupt court which should-fix the time and manner of such sale ; that the assignee’s sale to Smith, not having been made in pursuance of such an order, is therefore void.
We will consider these questions in the order stated.
The plaintiff’s right to recover the entire lot was placed by the learned referee before whom the case was tried, upon the ground that the plaintiff had the right to affirm the partition made between the heirs of John Hopper in 1865, and, having affirmed it, was entitled to recover that portion of the premises set apart to Jordan Mott in severalty. We think the plaintiff had no such right of election. The partition made in the action to which the assignee in bankruptcy was not a party, and in which he did not appear, was not binding upon him. If the judgment in that case was not absolutely void but voidable, it was for the assignee either to affirm or disaffirm such partition. It was a right possessed by him, and which he was bound to exercise within a reasonable time and by an unequivocal act. Such a right, affecting the title to a large and valuable real estate, having many owners, is not one that can be kept afloat for a series of years, and transferred from person to person, to be exercised at the pleasure of the last transferee. It is conceded that the assignee never affirmed. the partition, and we *119 think the sale made by him in 1868, amounts to a disaffirmance thereof.
The assignee, as owner of the estate, is presumed to have known its condition at the time of sale. He knew, therefore, that the Hopper farm had been mapped and divided into lots and streets. He knew that the same had been partitioned by the heirs of Hopper, and that Jordan Mott was in possession of that portion which had been set off to him in severalty. Assuming that he had a right to affirm the partition, when he was about to offer the interest of Jordan Mott in the Hopper farm, he was called upon to determine whether he would sell the whole of that portion set off to Jordan Mott in severalty, or whether, ignoring the result of the partition, he would sell the interest of Jordan Mott in the entire farm as.it existed at the time of his bankruptcy in 1843. If he affirmed the partition, then he would not sell the interest of Jordan Mott in the whole of the Hopper farm, for his entire interest in such farm had been divested by the partition, éxcept as to that portion set off to him in severalty. He would therefore sell the interest of Jordan Mott in that portion of said farm, and the purchaser would take Jordan Mott’s title thereto, whatever it might prove to be. But he elected to sell Jordan Mott’s interest in the entire Hopper farm, which farm is described in the notice of sale by metes and bounds.
It is conceded by the learned counsel for the plaintiff that, had the assignee offered for sale and sold Jordan Mott’s interest as an undivided twelfth part in the Hopper farm, this would have been a disaffirmance of the partition and an election by the assignee not to be bound by it. But this is precisely what he did do. As the assignee had neither affirmed nor dis-affirmed the partition, the only interest he had to sell, was the interest of Jordan Mott in the Hopper farm as *120 it existed at the time of his bankruptcy, and that was an undivided one twelfth interest in the entire farm. However described, the interest which was sold was, in fact, an undivided interest. Smith purchased a certain and definite interest in that property, and not an uncertain and unknown interest which could only be made definite and certain by some subsequent act of his, or his grantee. We are of opinion, therefore, that Smith at most obtained only an undivided one twelfth interest in the land in question. The plaintiff’s right to recover is placed by the referee upon his right to affirm, and his affirmance of the partition. He does not find that the acts of the defendant as co-tenant amount to an ouster of the plaintiff as tenant in common (Edwards v. Bishop, 4 N. Y. 61). The plaintiff having claimed to recover the entire lot, he cannot, without amending his complaint, have judgment for an undivided part (Holmes v. Seely, 17 Wend. 75; Gillett v. Stanley, 1 Hill, 121; Cole v. Irvine, 6 Id. 634 ; Cook v. Wardens, &c. of St. Paul’s Church, 5 Hun, 296 ; affirmed in 67 N. Y. 594). If this, however, were the only objection to the judgment, the complaint might be amended upon appeal.
We think the second objection to the validity of this judgment is also well taken. It has long been the policy of the laws of this state to discourage and prevent dealings in pretended titles to real estate by persons out of possession.
By the Revised Statutes of this state it is provided “ that every grant of lands shall be absolutely void if at the time of delivery thereof such lands shall be in. the actual possession of a person claiming under a title adverse to that of the grantor” (1 R. S. 739, § 147; same statute, 3 Id. 7th ed 2196). “No person shall buy or sell, or in any manner procure or make, or take any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor *121 thereof, or the person making snch promise or covenant shall have been in possession, or he and those by whom he claims shall have been in possession of the same, or of the reversion or remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant is made, and every person violating this provision shall be deemed guilty of a misdemeanor” (2 R. S. 691, § 6; same statute, 3 Id. 7th ed. 2516).
The Code of Procedure, § 111, provides as follows : 6i Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 113. But this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract. But an action may be maintained by a grantee of land in the name of a grantor, or his or her heirs or legal representatives, when the grant, or grants are void by reason of the actual possession of a person claining under a title adverse to that of the grantor at the time of the delivery of the grant. And the plaintiff should be allowed to prove the facts to bring the case within this provision.”
The Code of Civil Procedure, which went into operation after the commencement of this action, contains the following provision in relation to the same subject matter: 6 £ Sec. 1501. Such an action (that is, an action of ejectment), maybe maintained by a grantee, his heir or devisee, in the name of the grantor or heir, where the conveyance under which he claims is void because the property conveyed was held adversely to the grantor. The plaintiff must be allowed to prove the facts to bring the case within this section.” It is now insisted that, by the true construction of the Code, the right to prosecute such an action in the name of a grantor is limited to the first grantee. In this case the property, while held adversely, was conveyed by Smith to Talmage, by Talmage to Thomas, and by Tilomas to the present *122 plaintiff Adams. To hold that a remote grantee can bring such an action in the name of the original grantor would be to encourage dealings in such claims to real estate and nullify the statute which was intended to prevent the party out of possession from transferring his right to litigate the validity of the title. Sands v. Hughes, 53 N. Y. 287,296. We think a grantee bringing such an action, must bring it in the name of his immediate grantor, and must stand or fall on the validity of his title. We are referred to no case where the action has been maintained by or for the benefit of any one but the first grantee, and we think that a construction which so limits the right of action best accords with the public policy which has so long prevailed in this state relative to this class of assumed titles to real estate held by persons out of possession (Tyler on Ejectment; Violett v. Violett, 2 Dana, 325 ; Dubois v. Marshall, 3 Id. 336; Webster v. Van Steenbergh, 46 Barb. 211; Hamilton v. Wright, 37 N. Y. 502, 507; 2 Hill, 526; Chamberlain v. Taylor, 14 Weekly Dig. 336. Stevens v. Hauser, 39 N. Y. 302, 306, decides nothing to the contrary.
The remaining question to be considered is whether the sale made in 1868; by the assignee in bankruptcy of the interest of Jordan Mott in the Hopper farm to Smith was valid. Upon this question we are unable to distinguish the present case from that of Osborn v. Baxter, 4 Cush. 406. The assignee in bankruptcy held a statutory title to the real estate of the bankrupt as trustee, not only for the creditors but for the bankrupt also. His power to deal with the estate was limited and defined by the statute. He had no authority to sell such estate except upon an order of the bankrupt court, in which the time and manner of sale should be fixed and determined. Section 9 of the bankrupt act of 1841 reads as follows : “ And be it further enacted, that all sales, transfers and other conveyances by the *123 assignee of the bankrupt’s property and rights of property shall be made at such times, and in such manner, as shall be ordered and appointed by the court in bankruptcy.” In the present case the order under which the assignee sold the property did not fix the time of sale. That was fixed and determined by the assignee, and not by the court. In Osborn v. Baxter (supra), Shaw, Ch. J., in delivering the opinion of the court, says :—“ In general, when a sale is made under a statute power, it must appear that the requisitions of the statute as conditions precedent to the operation of the power to pass the estate had been complied with ” (Hogan v. Hoyt, 37 N. Y. 300). As the order. in that case failed to fix the time and manner of sale, it was held that the sale by the assignee was void and no title passed to the purchaser. We think ■ the case of Osborn v. Baxter well decided, and for the reasons there stated, the sale in the present case should be held void. It is not a question of mere regularity, but of want of power in the officer making the sale. No subsequent act of the court could cure this defect. It is jurisdictional and may be raised whenever and wherever the title claimed under such sale is brought in question.
All concur (Andrews, Ch. J., in result), except Earl, J., who dissents.