## FARMERS' L. & T. CO. *v.* ENO.

### *(Circuit Court, S. D. New York.* May 25, 1888.)

**1. BANKRUPTCY—SALES BY ASSIGNEE.**

Section 9 of the bankrupt act of 1841, providing that "all sales, transfers, and other conveyances by the assignee of the bankrupt's property and rights of property shall be made at such times, and in such manner, as shall be ordered and appointed by the court in bankruptcy," is satisfied if the sale is made pursuant to a rule or general order of the court in bankruptcy, prescribing when and how sales are to be made. A special order for each sale is not necessary.

**2. SAME—NOTICE OF SALE—DESCRIPTION OF PROPERTY.**

A misdescription of lots in the notice of sale by an assignee in bankruptcy, as located "on 62d street," is corrected and nullified by a correct description of the lots by map and number.

**3. EXECUTORS AND ADMINISTRATORS—ADMINISTRATORS CUM TESTAMENTO ANNEXO—EXECUTION OF POWERS OF EXECUTORS.**

Under 2 Rev. St. N. Y. p. 72, § 22, providing that administrators *c. t. a.* "shall have the same rights and powers, and be subject to the same duties, as if they had been named executors in such will," where executors are by the will given discretion in the sale of lands, in exercising such discretion they act not as executors, but as trustees; and an administrator *c. t. a.* would not be competent to exercise it; but where such executors have exercised the discretion by making a contract of sale, and nothing remains but to execute the conveyances, they act, as to that, as executors merely, and an administrator *c. t. a.* is competent to execute the conveyances.

In Equity. Bill for specific performance, brought by the Farmers' Loan & Trust Company, as administrator with the will annexed, against Amos R. Eno.

*Turner, McClure & Rolston,* for complainant.

*Thomas C. Ennever,* for defendant.

WALLACE, J. Unless the plaintiff can give a marketable title to the real estate purchased by the defendant by contract, specific performance of the contract should not be decreed. The principal objection to the title is that the sale of the real estate by the general assignee in bankruptcy, made in May, 1844, was void, and did not pass to the purchaser the title of the bankrupt. The ground of this objection is that the court in bankruptcy did not appoint the time of sale as required by section 9 of the bankrupt act of 1841. That section reads as follows:

"And be it further enacted, that all sales, transfers, and other conveyances by the assignee of the bankrupt's property and rights of property shall be made at such times, and in such manner, as shall be ordered and appointed by the court in bankruptcy."

The court in bankruptcy had adopted rules under the provisions of the act. Rules 61 and 82 only need be referred to. Rule 62 was as follows:

"Six days' previous notice by public advertisement shall be given of the sale of personal effects, and 14 days of real estate, to be published where the notice to show cause on the petition for the decree of bankruptcy was published."

Rule 82 was as follows:

"Every assignee, within 30 days after receiving a decree of bankruptcy, * * * shall file and have noted on the docket of the case * * * a report of such property or interests of the bankrupt as in the opinion of the assignee is of uncertain value, and ought to be disposed of at 'public sale without incurring further expense or delay respecting it. Exceptions to be filed within ten days from the filing of the report. If no exceptions be filed, then at the expiration of ten days the assignee may make an order on the docket pursuant to his report, which order shall be final in the matter."

.It is in evidence that the assignee made a report pursuant to rule 82, and included the real estate· in question in the property which, in his opinion, ought to be disposed of at public sale; that no exceptions were filed to the report; that the assignee published the 14-days notice of sale of the real estate as required by rule 61, and that May 7, 1844, he executed· a deed of the real estate to the purchaser upon the sale, which recited a sale pursuant to the terms of the advertised notice. It would be a narrow and unreasonable construction of section 9 to construe it as intended to require a special order to be made by the court in bankruptcy whenever it might be desirable to sell any part of the bankrupt's property. The language of the section is satisfied if the sale is made pursuant to a rule or general order of the court in bankruptcy, which prescribes when and how sales are to be made. Such a rule, while not intended to trammel the discretion of the court in any special case, is equivalent to an order in every case falling within the class covered by it; and as was said by CHOATE, J., in *Re Mott*, 6 Fed. Rep. 685, "is a practical and sufficient compliance with the statute." In *Smith* v. *Long*, 12 Abb. N. C. 113, an opinion was expressed contrary to these views, but the opinion was *obiter;* and in *Palmer* v. *Morrison*, 104 N. Y. 132, 10 N. E. · Rep. 144, the same court took occasion to declare the question to be undecided by *Smith* v. *Long.* The case of *Osborn* v. *Baxter*, 4 Cush. 406, cited in *Smith* v. *Long*, and relied upon as authority for the opinion there expressed, is plainly distinguishable from the present case. In that case the rule of the court in bankruptcy was that the court should by its order "direct the time and place of the sale;" but the assignee sold without any such order. The court had not, as here, appointed in advance when and how the sale should be made.

A further objection is made by the defendant that the title did not ·pass under the conveyance by the assignee because of a misdescription of the premises in his notice of sale. The erroneous reference to the lot as "on 62d street" in the advertisement was corrected and nullified by the description of the lots by map and number, and, without this, the description would probably be sufficiently certain by the reference to the lots in the advertisement as part of the bankrupt's property. The rules which test .the sufficiency of a description of property conveyed are ·the same whether the deed be made by the grantor in his own right or by an officer of the court upon a judicial sale, (*White* v. *Luning*, 93 U. S. 514;) and the addition of erroneous descriptive matter will not vitiate the .conveyance when there are sufficient particulars correctly given in the instrument to enable the parties to identify the property. *Dygert* v. *Pletts*, 25 Wend. 402; *Jackson* v. *Clark*, 7 Johns. 217; *Jackson* v. *Root*, 18

Johns. 60; *Jackson* v. *Marsh*, 6 Cow. 281; *Hathaway* v. *Power*, 6 Hill, 453.

The further objection is also made by the defendant that the plaintiff, as administrator of the will annexed of Kennelly, deceased, cannot give good title to the real estate contracted to be sold by the executors of Kennelly. The terms of the will authorized the executors to sell and convey the real estate of the testator at their discretion, at any time before the youngest person entitled to receive a share of the real estate under the will should attain the age of 21 years. After the executors had entered into the contract for the sale of the real estate to the defendant, but after they had tendered a deed to the defendant pursuant to the terms of the contract, one of them died. This suit was brought by the surviving executor, but he resigned in December, 1885, and the plaintiff was appointed administrator with the will annexed; and upon the death of the surviving executor, which occurred shortly after his resignation, the action was revived, and the administrator substituted as plaintiff. The deed was tendered by the executors to the plaintiff May 17, 1884. At that time the proceedings which had been had in the district court of the United States for the Southern district of New York for a resale of the real estate by the general assignee in bankruptcy had been annulled by the order of that court, and the only defects in the title then tendered to the defendant were those predicated upon the objections which have been considered. The present objection comes with ill grace from the defendant, because he should have accepted the deed tendered by the executors; and if it were true that good title cannot now be made, the consequences should fall upon the defendant, rather than upon the plaintiff, who is in no way responsible for the situation. But it seems reasonably clear that a deed from the plaintiff will give the defendant a good title. The executors had exercised the discretionary power given to them by the will conformably with the terms of the trust so far as to enter into a contract with the defendant for the sale and conveyance of the real estate. If this was a complete execution of the power of sale, their rights and duties thereafter in respect to the enforcement of the contract were those strictly of executors, and not of trustees. There can be no doubt that the defendant, notwithstanding the death of the executors, could compel a specific performance of the contract. In such a suit, however, the devisees of the testator would be necessary parties. Fry, Spec. Perf. § 190. The statute provides that administrators with the will annexed "shall have the same rights and powers, and be subject to the same duties, as if they had been named executors in such will." 2 Rev. St. p. 72, § 22. Judge DENIO said in *Roome* v. *Philips*, 27 N. Y. 363, that as an original question he should have supposed that under this statute such an administrator was competent to execute a discretionary power to sell and convey real estate conferred by the will on an executor. But the decisions of the courts of the state, including the court of last resort, are the other way; and it is held that, where the power is discretionary, the executor takes it in a capacity distinctly different from that of executor, and he is to be regarded as trustee, and not

as executor; and that the power does not pass under the statute to an administrator with the will annexed. *Mott* v. *Ackerman*, 92 N. Y. 539. If the power in trust conferred upon the executors by the will was fully exercised when they made the contract with the defendant, and thereafter their only duties in the premises were to execute a conveyance and receive the purchase money, these duties were executor's duties, not involving discretion, and can therefore be carried into effect by an administrator with the will annexed. It was held in *Demarest* v. *Ray*, 29 Barb. 563, that such a power is executed as well by an executory contract made by the trustees as by a deed of present bargain and sale. The question now presented was involved in the case of *Mott* v. *Ackerman*, but the power of sale in the will in that case was held by the court to be an imperative, and not a discretionary, one; and the court did not consider the question because the conclusion was reached that such a power could be exercised by the administrator as completely as by the executor. A decree is ordered for the complainant.