[Civ. No. 2718.   First Appellate District, Division Two.—February 11, 1919.]

MARTIN H. FARNHAM, Respondent, v. EDMOND L. HUSTON, Appellant.

LOST DEED—ACTION TO ESTABLISH—EVIDENCE.—While the evidence to establish a lost deed must be clear and certain, and its execution must be proved and its contents established not literally, but substantially, it is not necessary that the witnesses should testify with verbal accuracy to its contents; it is sufficient if they are able to state it in substance.

ID.—QUIETING TITLE—EVIDENCE SUFFICIENT.—In this action to establish a lost deed and to quiet title under it, the evidence established the contents of the deed with clearness and certainty.

DEEDS — DESCRIPTION — ERROR IN STATEMENT OF COMMENCING POINT— GIVING EFFECT TO THE INTENTION OF THE PARTIES.—The point of commencement will be changed from the northwestern to the northeastern line of a street when necessary, in order that any effect may be given to the subsequent calls of the instrument in accordance with the rule that effect must be given to the intention of the parties.

ID.—FALSE TERM REJECTED.—A false term in a description will be rejected when necessary to effectuate the intention of the parties.

LOST DEED—ACTION TO ESTABLISH AGAINST SUBSEQUENT GRANTEE OF
    GRANTOR—PARTIES.—In an action to establish a lost deed against
    a subsequent grantee of the grantor, the representative of the grant-
    or's estate is not a necessary party, since the decree does not adjudi-
    cate any rights of such estate.

APPEAL from a judgment of the Superior Court of Ala-
meda County. William S. Wells, Judge. Affirmed.

The facts are stated in the opinion of the court.

John C. Scott for Appellant.

I. I. Brown for Respondent.

HAVEN, J.—This is an action to quiet title and to estab-
lish a lost deed. Judgment was rendered for the plaintiff,
from which defendant appeals. The execution and delivery
of the deed in controversy and the existence of a considera-
tion therefor are conceded by appellant, but it is insisted
that there was no sufficient proof of the contents or char-
acter of the document to warrant its restoration. The evi-
dence as to these matters may be summarized as follows:

Robert M. Ford testified that he was an attorney at law;
that Mrs. Huston, the grantor in the disputed deed, and
Mr. Farnham, the grantee, came to his office together the
day before the execution of the deed; that Mrs. Huston then
stated that she wished to have a deed made out to Mr. Farn-
ham of certain property in East Oakland, and then left with
the witness a copy of the deed to herself of the property
referred to "for me to get the description"; that, on the
afternoon of the same day, he personally typed the deed
by filling in the blank spaces on "one of the ordinary
'Hardy' forms of bargain and sale deed," which he had in
his office; that he was sure it was a bargain and sale deed,
and, to the best of his recollection, he used the particular
form referred to; that the description which he inserted in
the deed was taken from the deed by which Mrs. Huston her-
self obtained title to the property; that, after being in-
formed that the deed was lost, he obtained the description,
which was inserted in the copy of the deed sought to be re-
stored, from the county recorder's record of the same deed,
and personally compared such description with the record

just prior to the time this suit was filed; that, independently of the record, he remembered that the property described in the deed was on Fifteenth Street, between Third and Fourth Avenue, "on the north side, I believe"; that Mrs. Huston and Mr. Farnham returned to his office the following day and he then showed them the deed which he had prepared, and that, to the best of his knowledge, the copy of the deed attached to the complaint as exhibit "A" is a true copy of the deed he prepared and represents the contents of such deed. Floyd R. Gray, a notary public, testified that Mr. Ford, Mrs. Huston, and Mr. Farnham called at his office and presented a deed made out; that Mrs. Huston signed the deed before him and acknowledged it; that he then placed his seal on the document and made his record of the transaction in his notarial book. He then produced such book and read therefrom the following record:

"Date, April 3, 1916. Executed by Martha E. Huston. Executed to Martin H. Farnham. Character of instrument, Deed. Consideration, $10.00. Date of instrument April 3, 1916. Legal fees, 50 cents."

Contemporaneously with the execution of the disputed deed, the parties thereto entered into a written agreement as to the consideration moving to the grantor. This agreement was prepared by the same attorney who prepared the deed and at the same time. It was admitted in evidence and contains the following recital:

"That whereas said Martha E. Huston has this day granted, sold and conveyed to said Martin H. Farnham, (subject to a life estate reserved to said Martha E. Huston) certain property on the north side of East 15th Street, Between 3rd and 4th Avenues, in Oakland, Alameda County, California, as appears by a deed duly executed this day, . . ."

Evidence to establish a lost deed must be clear and certain. The legal execution of the document must be proved, and its contents must be established, "not literally but substantially." It is not necessary, however, "that the witnesses should be able to testify with verbal accuracy to its contents; it is sufficient if they are able to state it in substance." (*Kenniff* v. *Caulfield,* 140 Cal. 34, 43, [73 Pac. 803].) In the instant case, the date of the deed, the names of the parties, and the expressed consideration are supplied

39 Cal. App.—44

by the notarial record. The description of the property is identified by the testimony of the attorney who prepared the deed to the effect that he copied it from another deed, with the record of which he subsequently made comparison. Appellant claims that it does not clearly appear that the deed was a grant. The testimony of the witness Ford is positive and uncontradicted that it was a bargain and sale deed, and the contemporaneous agreement signed by Mrs. Huston recites that she "has this day granted, sold, and conveyed to said Martin H. Farnham" certain property, which was identified as being the same property as is described in the deed in controversy. We perceive no reason why the evidence above set forth should not have been regarded as a sufficient compliance with the rule requiring the substantial contents of a lost document to be established with clearness and certainty.

The property to which respondent's title was quieted by the decree is described in the first paragraph of the complaint as: "Commencing at a point on the *northeastern* line of East 15th Street." It is then alleged that Martha E. Huston conveyed "the above-described property" to respondent by a deed, a copy of which is annexed to the complaint as exhibit "A." The description of the property as contained in such exhibit is as follows:

"Commencing at a point on the *northwestern* line of East 15th Street (formerly Madison Street), distant thereon 112 feet 6 inches northwesterly from the northwestern line of Fourth Avenue (formerly Patton Street), and running thence northwesterly along said line of East 15th Street 37 feet 6 inches; thence at right angle northeasterly and parallel with Fourth Avenue 100 feet; thence at right angle southeasterly and parallel with East 15th Street 37 feet 6 inches, and thence at right angle southwesterly and parallel with Fourth Avenue 100 feet to the *northwestern* line of East 15th Street and the point of commencement. Being a portion of Lots 7 and 8 in Block 75 as said lots and block are delineated and so designated upon that certain map entitled Higleys Map of Clinton, of record in Liber 'B' of Deeds at page 537 in the office of the County Recorder of said Alameda County."

The findings and decree restore the deed as it appears in the exhibit, but quiet respondent's title to the property as

described in paragraph 1 of the complaint. A variance is claimed between the description of the property as alleged in the body of the complaint and the proof furnished by the restored deed with its differing point of commencement. The court found, however, "that the land described in said exhibit 'A' is the identical land described in paragraph 1 of the complaint herein." We are of the opinion that the evidence supports this finding, and that the trial court did not err in quieting respondent's title to the property as described in the body of the complaint. The deed was restored as originally prepared and executed. No attempt was made to reform it. The witness Ford testified: "There is an error in the description as shown by the records; but whether that error was in the deed to her or the record, I don't recollect just how that occurred, but the word 'northwestern' in the top line, and the word 'northwestern' in the ninth line, should both be 'northeastern.' " It was proved that the same error persisted in the subsequent deed from Mrs. Huston to appellant, who is her surviving husband, which deed the latter introduced in evidence. Appellant also testified that he knew of no other property which his wife had besides this house. As already stated, the attorney who prepared the deed was instructed to take the description from the deed by which Mrs. Huston herself acquired title to the property. It thus appears that the grantor intended to convey the only property which she owned in the knowledge of her husband. An examination of the description contained in the restored deed discloses that the point of commencement must be corrected from the northwestern to the northeastern line of East Fifteenth Street in order that any effect may be given to the subsequent calls of the deed. The second call runs northeasterly parallel with Fourth Avenue, and the third call proceeds, at a right angle, southeasterly and parallel with East Fifteenth Street. The directions of these lines show that the only possible course of East Fifteenth Street is in a northwesterly and southeasterly direction, and that there can be no northwesterly line of such a street. By correcting the error in accordance with the testimony of the witness Ford a consistent description is obtained. Otherwise the proved intention of the grantor must be disregarded.

"The rule is, that effect must be given to the intention of the parties, when it can be gathered from the instrument." (*Wagenblast* v. *Washburn,* 12 Cal. 208, 212.) "And the entire description contained in the instrument should be resorted to for the purpose of ascertaining the intention." (*Serrano* v. *Rawson,* 47 Cal. 52, 55.) A false term in a description will be rejected when necessary to effectuate the intention of the parties. (*White* v. *Luning,* 93 U. S. 514–524, [23 L. Ed. 938, see, also, Rose's U. S. Notes]; *Hamm* v. *City of San Francisco,* 9 Sawy. 31, 46, [17 Fed. 119].) In *Walsh* v. *Hill,* 38 Cal. 481, these rules were applied to the correction of an erroneous starting point as being inconsistent with the other calls of a deed.

Appellant introduced in evidence a subsequent deed from such grantor to himself of an undivided one-half interest in the property in controversy. This conveyance was a gift deed in form, and the trial court found that it was executed "in consideration of love and affection and such considerations as are expressly set forth on the face of the said deed, and for no other considerations." We cannot say that this finding is unsupported by the evidence, notwithstanding that the appellant testified that such deed was made in consideration of his turning over to his wife a fraternal life insurance policy upon his life. That transfer was made over a month before the deed was executed. Appellant further testified that he had no knowledge of the execution of the lost deed to respondent at the time the deed to himself was executed. It also appears that the husband and wife executed mutual wills in favor of each other contemporaneously with the execution of this deed. Mrs. Huston has since died and her estate was in process of administration at the time of the trial. Construing this evidence most favorably for appellant, a conflict arises between the recitals of the deed and the statements of appellant. This conflict was resolved by the trial court against the appellant and we may not disturb its finding.

It was not necessary that the representative of the estate of Mrs. Huston should have been made a party defendant in the action. Even if a proper party, he was not a necessary party, as the decree does not adjudicate any rights of that estate.

We find no error in the record, and the judgment is there-
fore affirmed.

Langdon, P. J., and Brittain, J., concurred.