## VARICK and others *vs.* TALLMAN.

A deed from the comptroller, conveying lands sold by him for taxes, is not evidence that the preliminary steps required by law to give that officer authority to sell, have been complied with.

Neither the recitals in such a deed, nor the presumption in favor of the official acts of public officers, can dispense with proof of the facts which, by the statute, were required to precede the sale in order to confer on the comptroller the power to make it.

There is no provision in the statute which makes the comptroller's deed, upon a sale of land by him for taxes, evidence of the facts upon which the authority of the comptroller to sell is made, by the act itself, to depend.

The section of the statute respecting the sale of lands for taxes by the comptroller, which declares that the deed given by him to the purchaser *shall vest in the purchaser an absolute estate in fee simple,* subject &c., was intended, *it seems,* to be merely descriptive of the *estate* acquired by the purchaser, and not as a statutory declaration that the deed shall be evidence of the existence of the facts necessary to confer on the comptroller the right to sell the land.

EJECTMENT, tried before GRIDLEY, Circuit Judge, at the Oswego circuit in June, 1847.  Upon the trial the defendant proved a title in himself to the premises in question, by a purchase under a decree in chancery, in a suit instituted for the foreclosure of a mortgage executed to the original patentee of the lot, and by him assigned to the complainants in that suit. To divest the defendants of the title thus acquired, and to show a paramount right in the plaintiff Ann Varick, the plaintiffs' counsel gave in evidence a deed executed by the comptroller of the state to her, bearing date on the 10th day of July, 1845, containing the usual recitals in cases of lands sold for the non-payment of taxes, and conveying the premises in fee to her and her heirs forever.  The counsel for the defendants objected that the deed itself was not evidence of the comptroller's authority to sell the premises; and insisted that the plaintiffs were bound to prove the assessment of the lot for the taxes, that notice was given by the assessors of their meeting to review their assessment, the warrant of the supervisors with the roll annexed for the collection of the tax, the return and affidavit of the

VOL. II.          15

collector, the comptroller's advertisement of notice of the sale of the premises; with all other matters precedent to the sale which the statutes require; that the comptroller had regularly published notice to redeem; and that notice of the sale, and requiring the owner to redeem, had been given to the occupant of the premises to make the deed effectual to convey the premises; or that the premises were unoccupied. But the circuit judge decided that the plaintiffs were not bound to produce any evidence other than the deed, in the first instance; that the deed was evidence of the regularity of the sale, and of all prior proceedings; and that it was for the defendant to show occupancy, to entitle him to redeem, or to require notice. To this, and some other decisions not necessary to notice, the defendant excepted. The jury having found a verdict for the plaintiff, Ann Varick, for the premises described in the declaration, the defendants now moved for a new trial upon a bill of exceptions.

*C. A. Mann,* for the plaintiffs.

*C. P. Kirkland,* for the defendant.

*By the Court,* GRIDLEY, J. The plaintiffs having rested their case, upon the production and proof of the comptroller's deed, and without any other evidence of the facts which the statute requires, to confer upon the comptroller the power to sell, the question is presented for our decision, whether that deed, with the recitals contained in it, furnishes *prima facie* evidence of the existence of such power.

The general principle applicable to cases wherein the owner of lands is sought to be divested of his title by means of a special proceeding authorized by an act of the legislature, is no where better stated, than by Bronson J. in the case of *Sharpe* v. *Spier,* (4 *Hill,* 86.) The doctrine is stated in these words: "Every statute authority in derogation of the common law, to divest the title of one and transfer it to another, must be strictly pursued, or the title will not pass. This is a mere naked power in the corporation, and its due execution is not to be made out

Varick *v.* Tallman.

by intendment; it must be proved. It is not a case for presuming that public officers have done their duty, but what they have in fact done must be shown. The recitals in the conveyance are not evidence against the owner of the property, but the facts recited must be established by proof *aliunde.* As the statute has not made the conveyance *prima facie* evidence of the regularity of the proceedings, the fact that they were regular must be proved, and the *onus* rests on the purchaser. He must show, step by step, that every thing has been done which the statute makes essential to the due execution of the power. It matters not that it may be difficult for the purchaser to comply with such a rule. It is his business to collect and preserve all the facts and muniments upon which the validity of his title depends."

It will be perceived that the case of *Sharpe* v. *Spier* differs in two particulars from the one now under consideration. 1st. It had respect to the acts of a municipal corporation merely; and 2d. The statute did not make the conveyance, in that case, evidence of the regularity of the proceedings. It is necessary, therefore, to inquire whether the facts which distinguish the case at bar from the one just cited, render the principle thus laid down inapplicable to this.

In this case, the sale was made by the comptroller, one of the highest officers of the state, and in obedience to the requirement of the general law of the state, in relation to the assessment and collection of taxes.

It has been held in *Wallace* v. *Maxwell,* (1 *J. J. Marsh.* 447, 450, 1,) that " the legal presumption is that the surveyor, register, governor and secretary of state have done their duty in regard to the several acts necessary to be done by them in granting lands; and therefore surveys and patents should always be received as *prima facie* evidence of correctness." This, it is presumed, was said in reference to a conveyance by patent of lands which were conceded to be the property of the state; and the presumption entertained in favor of the acts of those officers, had reference to their acts merely as agents of the government, whose lands they were authorized to convey, and not to a pro-

ceeding wherein the government was acting, by its agents, in hostility to, and with the view of subverting, the title of an individual who had, by independent evidence, established a legal title in himself. The comptroller, though a high state officer, has no authority to sell and convey the lands of a citizen, except that which is especially conferred upon him by the statute. In selling lands for the non-payment of taxes, he acts as an agent of the government, and is clothed with a mere naked authority, which he is bound to execute as strictly as any subordinate officer would be. We can see no difference, in this respect, between the acts of the comptroller and those of a simple government collector, if the statute had conferred on that officer the power to sell upon the happening of the contingency on which the law now devolves upon the comptroller the performance of that duty. *Neither* has, in the language of Chief Justice Marshall, " any general power to sell lands at his discretion, for the non-payment of a direct tax, but only a special power to sell in the particular cases directed in the act." The case of *Williams et al.* v. *Peyton's lessee,* (4 *Wheat.* 77,) raised the precise question, whether in the case of lands sold for the non-payment of a direct tax imposed by the act of congress passed 14th July, 1798, (1 *Story's Laws,* 544,) the marshal's deed was *prima facie* evidence that the prerequisites required by law, had in fact been complied with. It was insisted on the argument of that case, as it is here, that the deed being executed by a *public officer,* was *prima facie* evidence that every act which ought to precede that deed, had been performed; upon the principle that public officers are to be presumed to have done their duty. The court, however, held that this principle had no application in a case where a statute prescribed the acts that were necessary to confer upon the officer the power to sell, and when by the sale a citizen was to be divested of his title to real estate. In such a case it was declared that no presumption was to be entertained that the officers of government had done their duty, but that proof of every requisite step must be shown independently of the recitals in the deed of conveyance. This case came under the consideration of the supreme

Varick *v.* Tallman.

court of this state in *Jackson* v. *Shepard,* (7 *Cowen* 88,) and the principle of it was affirmed and adopted by that court. In that case, it was adjudged that the recitals in a collector's deed, of lands sold for taxes under the act of congress of July 22, 1813, (4 *U. S. Laws,* 546,) of the several preliminary steps to a sale required by the 21st and 22d sections of that act were not even *prima facie* evidence that those steps had been taken; but that they must be proved independently of the deed. (*See also Stead's ex'rs* v. *Course,* 4 *Cranch,* 403; *Parker* v. *Rule's lessee,* 9 *Id.* 64; *Ronkendorff* v. *Tayloe's lessee,* 4 *Peters,* 350.) We are of the opinion, therefore, that neither the recitals in the comptroller's deed nor the presumption in favor of the official acts of public officers, can dispense with proof of the facts which conferred on the comptroller the power to sell.

It remains to inquire whether there is any provision in the statute which makes the comptroller's deed evidence of the facts upon which the authority of the comptroller to sell is made, by the act itself, to depend. The 82d (81) section of title 3, chapter 13, part 1 of the revised statutes, (*vol.* 1, *p.* 397, *2d ed.*) provides, that "a conveyance shall be executed by the comptroller under his hand and seal," &c. which "*shall be conclusive evidence that the sale was regular according to the provisions of this chapter.*" In *Jackson* v. *Esty,* (7 *Wend.* 148,) Chief Justice Savage, after alluding to the principle asserted in the cases already cited from 4 *Wheaton,* 79, and 7 *Cowen,* 88, adds this remark: "Perhaps a deed from the comptroller is an exception as to this particular; for the statute declares that such conveyance shall be conclusive evidence that the sale was regular according to the provisions of this act." However convenient this interpretation of the provision in question would be, it is impossible to maintain that it is sanctioned by law, since the decision of the case of *Stryker* v. *Kelly,* by the court for the correction of errors, (2 *Denio,* 323.) In that case the court was called upon to give a construction to a similar provision in the second section of the act "for the more effectual collection of taxes and assessments in the city of New-York," (*Sess. Laws of* 1816, *p.* 114,) which authorized a sale of lands

for the non-payment of taxes, for a term of years, and the grant-' ing of a lease upon such sale. After prescribing directions in relation to the sale and execution of the lease, to be given thereon, the section proceeds in these words: *"and such lease shall be conclusive evidence that the sale was regular according to the provisions of this act."* This clause was held by a majority of the supreme court to be applicable to such acts as were made necessary by the statute to precede the sale, in order to confer the authority to sell upon the officer. But this judgment was reversed by the court of errors, by an almost unanimous vote, and the lease was held to be evidence only of the regularity of the sale itself, and to furnish no evidence whatever of the *power to sell ;* leaving the party who sought to make title through the sale, to show by independent proof the facts which, by the statute, were required to precede the sale, in order to confer the authority to make it. It seems to us that no distinction can be drawn between the language of these acts, requiring a different construction in the one case from that which has. been adopted in the other.

The only other statutory provision relied on by the counsel for the plaintiff, is found in the 80th section of the title before cited, by which it is enacted as follows: " If no person shall redeem such lands within such two years, the comptroller shall, at the expiration thereof, execute to the purchaser, his heirs or assigns, in the name of the people of this state, a conveyance of the real estate so sold, which *shall vest in the purchaser an absolute estate in fee simple, subject,"* &c.

This provision was probably intended merely as descriptive of the *estate* which the purchaser acquired by means of his purchase and the conveyance of the comptroller ; and not as a statutory declaration that the deed should be evidence of the existence of the facts necessary to confer on that officer the right to sell. This was the view taken of it by the court in the case of *Jackson* v. *Morse,* (18 *John. Rep.* 441,) where the title derived under a comptroller's sale was defeated by proof of the fact that the tax, for the non-payment of which, the sale had been made, had been actually paid. The court, after advert-

ing to the provision which declares that " the conveyance shall vest an absolute estate in fee simple in the purchaser," and saying that whether it will vest such estate or not, must depend on the fact of the non-payment of the tax, and that *that* was an open question, notwithstanding the deed, proceeds as follows : " The principle laid down in *Stead's ex'rs* v. *Course,* (4 *Cranch,* 403,) applies to the present case. The question was whether the collector had acted in conformity to the law from which his power was derived, and it was decided that it was incumbent on the vendee to prove the authority to sell." The case of *Jackson* v. *Esty,* (7 *Wend.* 148,) and *Comstock* v. *Beardsley,* (15 *Id.* 348,) and *Dyke* v. *Lewis,* a case not yet reported, are also authorities for this construction of the provision under consideration. We also think that the decision in the case of *Stryker* v. *Kelly,* before cited, by necessary implication disposes of this question. The statute which was the subject of interpretation there, after enacting that the lease executed on a sale authorized by the act, should be conclusive evidence of the regularity of such sale, proceeded to declare that the purchaser should, *by virtue thereof* and of the said act, lawfully *hold and enjoy the said lands and tenements in the lease mentioned, against the owners and all claiming under them, until the term of such lease should be fully completed and ended.* (*Laws of* 1816, *p.* 115, § 2.) Now this provision authorizing the purchaser to enjoy the estate under the lease, was intended to declare the extent and character of the estate which he acquired by the sale and conveyance, and we think that the corresponding provisions of the revised statutes declaring the effect of the comptroller's deed, were intended to serve the same purpose. At all events, as the existence of this clause in the act of 1816, was held not to dispense with proof of the power to sell under that act, so we think the provision in question does not authorize us to dispense with that evidence in the case at bar.

It was suggested, on the argument, that the comptroller's deed was not executed in the *name of the people,* pursuant to the 80th section of the act before cited ; but as that question was

not discussed before us, and as we understand it is now before the chancellor, in a case already argued and held under advisement by him, we express no opinion upon it.

The claim of the plaintiffs under the lease executed by Abraham Varick to McNair and others, has very properly been abandoned by the counsel, as untenable.

Several other questions are made by the defendant upon the bill of exceptions, but they have scarcely been adverted to on the argument by the counsel, and as to some of those questions the bill of exceptions is not sufficiently intelligible without the maps which are mentioned therein, and made a part of the bill, (but which have not been furnished us,) to enable us to dispose of them understandingly. We therefore deem it advisable to forbear the expression of any opinion upon these questions. But for the error of the circuit judge, in holding the comptroller's deed evidence of the facts which gave that officer the authority to sell the premises in question, we grant a new trial.

SAME TERM.    *Before the same Justices.*