Bunner *v.* Eastman.

## BUNNER *vs.* EASTMAN.

No individual or public officer can sell, and convey a good title to, the land of another, unless authorized to do so by express law; and the person invested with such power must pursue with precision the course prescribed by law, or his act will be invalid.

Such a case is not one for presuming that public officers have done their duty, but for inquiring what they have in fact done; and it must be shown that it is in conformity with the statutory requirements.

This principle applied to the acts of the comptroller of the state when he is engaged in the attempt, through the medium of a tax sale, to subvert the title of an individual and to transfer it to another.

Bunner *v.* Eastman.

In selling lands for non-payment of taxes, the comptroller acts as the agent of the government, as truly as any agent of a municipal corporation for his principal; and in the discharge of that duty he executes a mere naked authority which he is bound to pursue as strictly as any subordinate officer would be.

The only case in which a presumption will be indulged that such an officer has performed all the acts necessary to give him jurisdiction to sell and convey land, is when he is engaged in transferring the title of the state to its own public domain; but never when the title of an individual is sought to be subverted.

A comptroller's deed, on a sale of land for taxes, if conclusive evidence of regularity, is only so as to the sale itself, and not as to the prior proceedings; and still less can it be in respect to shose steps which are subsequent to the sale, and on which it is claimed that its validity depends.

Where, at the time of a tax sale, the provisions of the Revised Statutes in reference to the redemption by the owner of lands sold for taxes, were in force, which required that the comptroller should, at least six months before the expiration of the two years allowed for redemption, cause to be published at least once a week for six weeks successively in all the public newspapers printed in the state, a notice that unless the lands should be redeemed by a certain day, they would be conveyed to the purchaser; *Held* that an omission by the comptroller to publish a notice in compliance with this provision, in one or more of such newspapers, rendered the conveyance made by him to the purchaser void.

APPEAL from a judgment entered upon the report of a referee. The material facts appear in the opinion of the court.

*K. Carroll,* for the plaintiff.

*Doolittle & Babcock,* for the defendant.

*By the Court,* BACON, J. The title to the premises in question was proved on the trial to be in the plaintiff in fee. The defendant was in possession, and had been for some time prior to the commencement of the suit, and he claimed title under a comptroller's deed, given in the year 1845, to a prior grantor of the defendant, upon a sale for unpaid taxes on certain lands, including the premises in controversy in this suit. The plaintiff then proved that the notice of redemption by

the comptroller from this tax sale, which the statute requires, was not published in all the newspapers then printed and published in the state, six months before the expiration of two years from the last day of said tax sale, once in each week for six weeks successively. In respect to three papers it was shown that although the publication of the notice was commenced more than six months prior to the last day of redemption, yet it was not completed within that time, and in respect to one paper, (The Orleans American,) the publication was commenced less than six months prior to the last day of redemption. Upon this state of facts the referee held and decided that the comptroller's deed was void, both on the ground that the publication had not been completed six months prior to the redemption day, and also that in one paper it had not been commenced until after the six months had begun to run, prior to the day of redemption. It is not important to determine whether he was right in his first conclusion, since there can be no dispute that if non-compliance with the law requiring publication subverts the title under the comptroller's deed, the notice was not published, as required by the section of the statute in question, in the Orleans American.

It cannot be claimed successfully that the comptroller's deed was conclusive evidence of the defendant's title. Even under the act of 1829, which declared that the comptroller's deed was conclusive evidence of the regularity of the sale, it was held that it was so simply as to the sale itself, and not in respect to the proceedings prior and preliminary thereto ; and that such proceedings must be proved, in order to confer upon the comptroller power to make the sale. In *Varick* v. *Tallman*, (2 *Barb.* 113,) and in *Beekman* v. *Bigham*, (1 *Seld.* 366,) it was held that the recitals in the comptroller's deed were not even *prima facie* evidence of the existence of the facts which give that officer power to make the sale for unpaid taxes. To remedy this, the act of 1850 was passed,

making the comptroller's deed presumptive evidence not only
of the authority to sell, but that all proceedings and notices
prior thereto had been duly had and given ; and in 1855,
another act was passed upon the same subject, but having
reference only to conveyances thereafter made.

It is not important to determine which rule is properly
applicable to the comptroller's deed in this case. If conclu-
sive evidence of regularity, we have seen that it is only so
as to the sale itself, and not as to the prior proceedings, and
still less can it be in respect to those steps which are subse-
quent to the sale and on which it is claimed that its validity
depends. If it is only presumptive evidence of regularity, then
that presumption may be overcome, and the only effect of the
statute is to shift the burden of proof from the party claim-
ing under the deed, to the other party who seeks to overthrow
it. And this is what the plaintiff claims to have done in this
case. At the time of the sale in this case and for several
years subsequently, the provisions of the Revised Statutes
in reference to redemption by the owner of lands sold for taxes
were in force, and by the 76th section (1 *R. S.* 409,) it was
enacted that the comptroller should, at least six months
before the expiration of the two years allowed for such re-
demption, cause to be published at least once a week for six
weeks successively in all the public newspapers printed in
the state, and in such form as he should deem best calcu-
lated for that purpose, a notice that unless the lands should
be redeemed by a certain day, they would be conveyed to
the purchaser. This notice, as we have seen, was not pub-
lished in compliance with this provision, in at least one
such paper, and perhaps not some two or three others, and
this omission it is claimed renders the conveyance void.

It is so, upon the principle declared by Chief Justice
Marshall in *Thatcher* v. *Powell,* (6 *Wheat.* 119,) that no
individual or public officer can sell and convey a good title
to the land of another, unless authorized to do so by express
law, and the person invested with such power must pursue

Bunner *v.* Eastman.

with precision the course prescribed by law, or his act will be invalid. This principle, in almost identical language, was affirmed by Chief Justice Savage in *Jackson* v. *Esty*, (7 *Wend.* 148,) and was applied to avoid the deed of the comptroller for the omission to serve a notice of the sale, and the amount necessary to redeem the land, upon the occupant. This doctrine received a very full discussion in the case of *Sharp* v. *Spier*, (4 *Hill*, 76,) in illustration and enforcement of the proposition that every statute authority in derogation of the common law, and the result of which will be to divest the title of one and confer it upon another, must be strictly pursued or the title will not pass. The case is not one for presuming that public officers have done their duty, but for inquiring what they have in fact done, and it must be shown that it is in conformity with the statutory requirements. The principle was applied in that case to the act of a municipal corporation undertaking to sell land for the non-payment of taxes imposed thereon; and the case of *Sharp* v. *Johnson*, (4 *Hill*, 92,) was to the same effect. It is obvious that the principle applies, because the same reason exists for its application to the acts of the comptroller when he is engaged in the attempt, through the medium of a tax sale, to subvert the title of an individual and to transfer it to another; and so are the decisions, (*see Varick* v. *Tallman*, and *Buchanan* v. *Bingham*, *cited supra*.) In selling lands for non-payment of taxes, the comptroller acts as the agent of the government as truly as any agent of a municipal corporation for his principal, and in the discharge of that duty he executes a mere naked authority which he is bound to pursue as strictly as any subordinate officer would be. The only case in which a presumption will be indulged that such an officer has performed all the acts necessary to give him jurisdiction to sell and convey land, is when he is engaged in transferring the title of the state to its own public domain, but never when the title of an individual is sought to be subverted.

The counsel for the defendant argues that the provision of the law requiring the publication of the notice of the time of redemption, is directory only, and not peremptory. We cannot accede to this interpretation of the statute. It would render the provision, for all practical purposes, entirely useless and nugatory. It was clearly intended to be a necessary preliminary to the right to execute a conveyance, and the statute has been twice amended since its original enactment, thus indicating its importance in the system of tax sales and redemptions, and the solicitude of the legislature to make it both imperative and effective. It is no more directory than any other advertisment or notice required in the whole course of those proceedings which regulate and prescribe the power and authority of the comptroller over tax sales, from their inception to their final consummation in the conveyance of a title to the purchaser ; and if one may be safely omitted all may be with equal impunity. The case of *Jackson* v. *Esty*, (7 *Wend.* 148,) is a decisive authority on this point. There the comptroller's deed was held invalid for the reason that no notice had been served upon the occupant of the land, of the sale and amount required to redeem, pursuant to the act of 1829. The court said the purchaser took a contingent title dependent upon a condition subsequent, and that to perfect the title, it was as necessary to prove the service of a notice, and the omission to redeem as it was to prove the sale itself. Both are necessary links in the purchaser's title, and both must be proved.

I am of opinion that the referee was right in his conclusions, and that the judgment should be affirmed.

[ONONDAGA GENERAL TERM, April 1, 1867. *Bacon, Morgan, Foster* and *Mullin,* Justices.]