JAMES M. SMITH, AS GRANTOR FOR THE BENEFIT OF WILLIAM
HENRY ADAMS, GRANTEE, RESPONDENT, *against* JOHN
LONG and MARTHA LONG, EXECUTORS, &C., OF JOB LONG,
DECEASED, *et al.*, Appellants.

(Decided January 3d, 1881.)

Objections to the validity of a sale of a bankrupt's real estate by his
assignee in bankruptcy, on the grounds that the order of sale was signed
by the judge of the bankruptcy court, and was therefore not the order
of the court ; that it did not designate the time and place of sale ; that
the notice of sale was not published as required by the bankrupt law, and
did not describe the premises with sufficient minuteness; and that the
whole of the premises was sold, when, if proper notice had been given,
a small portion would have brought sufficient to satisfy all claims proved
in the bankruptcy proceedings, will not avail to defeat the title of the pur-
chaser at such sale, in an action against those claiming under him, brought
to recover the possession of the premises, by a stranger to the proceed-
ings in bankruptcy, in which action it appears that the bankruptcy court
had jurisdiction of those proceedings, and had power to order the sale,
and that court, by a subsequent order, duly confirmed all the proceedings
of the assignee under the order of sale.

Under the provisions of the United States Bankrupt Act of 1841 (5 U. S.
Stat. at L. 448, § 15),—making deeds of lands of bankrupts sold and con-
veyed by their assignees in bankruptcy, when containing certain recitals,
supported by specified proofs of the bankruptcy and of the assignment as
required by the act, valid and effectual to pass the title of the bankrupt,
—if the jurisdictional facts are proved, a deed in conformity to the
statute is conclusive. The bankruptcy court having acquired complete
jurisdiction, subsequent proceedings for the sale of lands of the bank-
rupt, although erroneous, are not void, and may be corrected in the
proceedings themselves ; and, if confirmed by a subsequent adjudication,
cannot be collaterally questioned.

Fraud being, under the law of this state, a mixed question of law and
fact, an answer, in order to raise an issue of fraud, must allege fraud as a
fact.

APPEAL from a judgment of this court, entered upon the
report of a referee.

The action was brought to recover possession of certain
premises conveyed by one Jordan Mott to one Job Long, the
testator of the defendants, John Long and Martha Long.

The claim of the plaintiff was founded upon a deed from William C. H. Waddell, as general assignee in bankruptcy of said Jordan Mott, and who had been appointed such assignee in January, 1843.

In the month of November, 1819, John Hopper, the great-grandfather of Jordan Mott, died at the city of New York, leaving a large and valuable real estate in said city, by will, to his three grandchildren, one of whom, Winifred Mott, was the mother of Jordan Mott.

On January 27, 1843, Jordan Mott was declared a bankrupt, under the Bankrupt Act of 1841.

In 1853 the streets and avenues of New York were laid out through the sixty acres of which John Hopper died seized, and the property was divided into lots, and a map made of them and filed in the Register's office, and all sales were made with reference to said map.

On March 16, 1862, Winifred Mott died, and on her death Jordan Mott became vested with a certain undivided portion of Winifred Mott's interest in John Hopper's estate.

In October, 1863, a suit was commenced to partition the estate of John Hopper, and on the 10th day of January, 1865, a judgment was entered therein, whereby ninety-five of the lots, as laid down on said map, were set apart to Jordan Mott. He entered into possession of said lots, and in 1868 had sold and realized from the sales of a portion of them over two hundred thousand dollars.

On June 13, 1868, William C. H. Waddell, as general assignee in bankruptcy, obtained an order from Judge BLATCH-FORD to sell the interest of Jordan Mott and Jacob H. Mott, his brother, in the estate of their great-grandfather, John Hopper, deceased, describing the property by the old farm boundaries. The notice of sale was required by said order to be advertised once only in "The Times," and the time and place of sale were not designated in the order.

On July 18, 1868, a notice of sale was published in "The New York Times" for the 4th of August following.

On August 6, 1868, a notice was published in "The New York Times" dated August 4, 1868, headed, "In Bankruptcy,"

Smith *v.* Long.

stating sale advertised July 18, 1868, adjourned to September 10, 1868.

On September 11, 1868, a notice was published in "The New York Times" dated September 10, 1868, with no other heading than the words, "In Bankruptcy," stating that the sale advertised for July 18 and September 10, 1868, is hereby adjourned to September 11, 1868.

On September 11, 1868, the said assignee pretended to sell all the right, title and interest of Jordan and Jacob H. Mott in the estate of their great-grandfather, John Hopper, deceased, to James M. Smith, for the sum of $1,750, and gave six several deeds therefor.

James M. Smith, having subsequently conveyed a portion of said estate, including the premises in question herein, brought this action, in his own name as grantor, for the benefit of a grantee claiming under him, alleging that the defendants, claiming under a conveyance to their testator, Job Long, by said Jordan Mott, made subsequent to the said partition, unlawfully withheld the possession. Upon trial before a referee, he found for the plaintiff, and judgment for the plaintiff was entered upon his report. From the judgment the defendants appealed.

*William Fullerton,* for appellants.

*E. W. Paige* and *Douglas Campbell,* for respondent.

Van Brunt, J.— [After stating the facts as above.] — The grounds upon which the defendants base their appeal seem to be as follows:

*First.* Because the notice of sale was not published in accordance with the requirements of the bankrupt law.

*Second.* The order of sale, being signed by the district judge, was not an order of the court, and conferred no authority upon the assignee to sell.

*Third.* Because the judge in granting the order of sale did not designate the time and place of sale.

*Fourth.* Because the premises sold were not described with sufficient minuteness.

*Fifth.* Because the whole of the premises were sold, when, if proper notice had been given of the sale, a small portion would have brought sufficient to satisfy all claims proved in the bankruptcy proceedings against Mott.

The fourth and fifth grounds above mentioned are clearly not such as can be considered in this action. If any damage resulted from the want of due publicity or the want of accurate description, upon a proper application the district court could order a re-sale if it should see fit ; but a stranger to that proceeding in another action could never be allowed to defeat a purchaser's title upon any such grounds, as they do not in any way affect the jurisdiction of the court in any of its proceedings. Furthermore, before any such defense could be made available by anybody, and before any relief could be granted to anybody, the purchaser is entitled to be refunded his purchase money ; and it is difficult to see how such a result could possibly be arrived at in this action.

The first and second grounds present a more interesting question, but we are not left in uncertainty as to the rules which should be applied for the solution of these apparent difficulties.

It is a well settled principle, that when a court possessing judicial powers has rightfully obtained jurisdiction of a cause or proceeding, all its subsequent proceedings are valid, however erroneous they may be, until they are reversed in error or by some direct proceeding for that purpose (*Harvey* v. *Tyler*, 2 Wall. 328–342). The bankrupt court had the power to order the sale, and whether the sale was regularly conducted, or whether a proper consideration had been obtained at the sale, might be questions which the bankrupt and his creditors would have had the right to have raised, but with which the defendants have nothing to do. If the court had ordered this sale to be made without any advertisement at all, the purchaser would have taken a title which could not be questioned by any third party. The case of *Stevens* v. *Hauser* (39 N. Y. 302) fully supports this proposition.

There is a further consideration which would also seem to dispose of this question, and that is, the court has by its order

Smith *v*. Long.

duly confirmed the proceedings of the assignee. This confirmation is equivalent to having ordered the assignee originally to do those things which he did do, and cured whatever irregularity even there may have been in his proceedings (*Hogan* v. *Hoyt*, 37 N. Y. 300). In this case a decree of foreclosure and sale was made directing Livingston K. Miller, as referee, to sell the premises. The premises instead of being sold by the referee were sold by the sheriff, and the sale was held to be good, it having been confirmed by the court.

The third objection is entirely met by the above principle, which is, that the confirmation by the court of an act done by one of its officers is equivalent to an original delegation of authority where the court had acquired rightfully jurisdiction of the subject-matters and the parties.

Even if the order of sale was improperly signed by the judge instead of being an order of the court, the court subsequently made the order its own by the confirmation of the proceedings had under it.

There seems to be also a further answer to all the objections made by the defendants to the plaintiff's title, and that is found in section fifteen of the bankrupt law, which is as follows:

" And be it further enacted, That a copy of any decree of bankruptcy and the appointment of assignees, as directed by the third section of this act, shall be recited in any deed of lands belonging to the bankrupt sold and conveyed by any assignee under and by virtue of this act; and that such recital, together with a certified copy of this order, shall be a full and complete evidence both of the bankruptcy and the assignment therein recited, and supersede the necessity of any other proof of such bankruptcy and assignment to validate the said deed; and all deeds containing such recitals, and supported by such proof, shall be as effectual to pass the title of the bankrupt of, in and to the lands therein mentioned and described to the purchaser, as fully to all intents and purposes as if made by such bankrupt himself immediately before such order."

The assignee's deed to the plaintiff contains such recitals, and is supported by such proof, and therefore was by the terms of the act effectual to pass the title of the bankrupt of, in and to

the lands therein mentioned and described to the purchaser, as fully, to all intents and purposes, as if made by such bankrupt himself, immediately before such order.

In answer, the appellants say, "Under no circumstances can it be contended that the last clause of this section should be more strictly construed as to the validity of the deed executed by the assignee in bankruptcy, than the 80th section of the 1st Revised Statutes, p. 411, as to deeds executed by the state comptroller on tax sales, which is as follows:

"'The comptroller shall execute to the purchaser, his heirs or assigns, in the name of this state, a conveyance of the real estate so sold, which shall vest in the grantees an absolute estate in fee simple.'

"The construction which has been given to this section of the Revised Statutes is in conformity with what is claimed to be the proper construction to be given to the 15th section of the bankrupt act.

"It came under review in the case of *Tallman* v. *White* (2 N. Y. 69), in which case the court, per Judge RUGGLES, says:

"'This section only applies to cases where that officer has power to sell (18 Johns. 442). To give him that power the land must have been assessed in due form by the town assessor, taxed by the county supervisor, and a certified transcript of the assessment must have been transmitted by the county treasurer to the comptroller, with the collector's affidavit that the tax is unpaid, and the tax must have remained unpaid for two years,' &c. &c.

"Again, in the case of *Bunner* v. *Eastman* (50 Barb. 639), Judge BACON says:

"'It *cannot be held successfully* that the *comptroller's deed was conclusive evidence of the defendant's title.* If conclusive evidence of regularity we have seen that it is only so as to the sale itself, and not as to the prior proceedings. At the time of sale in this case, and for several years subsequently, the provisions of the Revised Statutes in reference to redemption by the owner of lands sold for taxes were in force, and by the 76th section it was enacted that the comptroller should, at least six months before the expiration of the two years allowed for such

Smith *v.* Long.

redemption, cause to be published for once a week, for six weeks successively, in all the public newspapers printed in the state, and in such form as he should deem best calculated for that purpose, a notice that unless the lands should be redeemed by a certain day, they would be conveyed to the purchaser. This notice, as we have seen, was not published in compliance with this provision, in at least one such paper, and, perhaps, not some two or three others, and this omission, it is claimed, renders the conveyance void, and it is so, upon the principles declared by Chief Justice MARSHALL, in the case of *Thatcher* v. *Powell* (6 Wheat. 119), that no individual or public officer can sell and convey a good title to the land of another unless authorized to do so by express law, and the person invested with such power must pursue, with precision, the course prescribed by law, or his course will be invalid.' "

These principles have no application to the case at bar.

In the case of *Tallman* v. *White* (2 N. Y. 69), Judge RUGGLES says, as above quoted: "This section only applies where that officer has power to sell;" and that is all that it is made to apply to in the bankrupt law. The jurisdictional facts must be proved; but, after that, the deed is conclusive evidence. In the cases cited, the regularity of the proceedings which gave the comptroller power to sell could be questioned, because upon them his power of sale depended. In the case at bar the assignee by the adjudication was the owner of the fee of the premises sold, the bankrupt had been divested of all title, and the court had acquired complete jurisdiction of the subject-matter, and having obtained jurisdiction, if its subsequent proceedings were erroneous they were not void, but such error might be corrected in the proceeding itself. The confirmation of the proceedings of the assignee, who was but an officer of the court, was an adjudication by the court that such proceedings had been regular, just and fair, and such an adjudication cannot be collaterally questioned.

Irregularities of procedure never divest jurisdiction once rightfully obtained. Questions of this kind must be raised in the proceeding itself, or in a direct proceeding instituted for that purpose.

The case at bar seems to be a hard one for the defendants, but relief cannot be afforded in this action, at least without, in my opinion, a violation of the best settled principles of law.

In the additional points submitted by the appellant, it seems to be claimed that an issue of fraud has been raised by the answer. I have read the answer in vain to find such an issue. Under the law of this state fraud is a mixed question of law and fact, and in order to support a finding of fraud as a conclusion of law, in the findings of a court or referee, it is well settled that the existence of fraud must be *found* as a fact. Whatever is necessary to be found to sustain a conclusion of law, must be alleged; consequently, to raise an issue of fraud under our Code, fraud, as a fact, must be alleged.

The judgment must be affirmed, with costs.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed, with costs.