Smith, J.
This is a case agreed upon in a controversy submitted to the court without action, pursuant to the provisions of the Code.
The plaintiff and the defendant, on October 30, 1880, entered into a contract in writing under their respective hands and seals, whereby the plaintiff agreed to sell and convey to the defendant, by title free and clear of all incumbrances, a parcel of land situate in the city of Buffalo, for which the latter agreed to pay the plaintiff $975, on November 3, 1880, when the deed was to be delivered. On that day the deed was tendered and payment was demanded, but the defendant refused to receive the deed or pay the money, on the ground that the land was incumbered by certain unpaid taxes and certificates of sales for taxes under the charter of the city of Buffalo.
The case shows that the land was regularly sold to the city of Buffalo by the comptroller of the city, on April 3,1873, for the term of one hundred years, for the general city tax of 1872, and an assessment for a local improvement, amounting in the aggregate to $24.64; and again on April 30,1874, for one hundred years, for *433 a like unpaid tax of $25.40, and a third time on April 30, 1875, for one hundred years, for alike unpaid tax of $30.82. It also shows that the several taxes were regularly assessed and imposed ; that the sales for their non-payment were made according to law; that the certificates of the sales were duly issued to the purchaser ; that the taxes have never been paid; that the land has not been redeemed from the sales; that prior to each sale the tax had been duly returned by the treasurer; that proceedings to enforce the lien of the taxes had not been stayed by a court or judge; that no notice had ever been served on the owner or any other person entitled to notice, to redeem the land from either sale; that no application has been to the common council of the city for a declaration of sale of the land, nor any action had to perfect title upon either of the certificates of sale since they were executed. The defendant was duly empowered by the will of his testatrix to make the contract of purchase.
The qu-'stion in difference between the parties is whether the taxes and assessments, or either of them, or the sales of the land therefor, constituted a lien or incumbrance on the land on November 3, 1880. If answered in the affirmative, judgment is to be rendered for the defendant, with costs; if in the negative, for the plaintiff for $975, and interest and costs. '
The law authorizing the sale of lands by the city of Buffalo for unpaid taxes and assessments is contained in title 7 of the city charter, which is chapter 519 of the Laws of 1870.
It is provided by sections 1, 3, 4, 5, 9, 11,12,13 and 15, that all taxes and assessments shall be a lien upon the lands on which they are assessed for five years from the delivery of the assessment roll to the treasurer ; that the collection of every assessment and every tax returned unpaid may be enforced by a sale of the lands; that the sale of such lands shall be made *434 by the comptroller, while the tax or assessment is a lien upon them ; that he shall hold a sale of such lands in March or April in every year ; that the sales shall be at public auction, and made for the shortest term of years for which any person will take the parcel of land, and pay the taxes and assessments for which it is sold, with interest and charges ; that all lands not sold for a shorter period shall be struck off to the city for the term of one hundred years ; that a certificate of sale of each parcel of land sold, describing the parcel, and stating when, to whom and for what term of years it was sold, the taxes and assessments, and their amount, for which the sale was made, and the time when the right to redeem will expire, shall be made by the comptroller for each purchaser, including the city ; and that a declaration of sale may be granted by the common council to the city, in the same manner and with the like effect as to any other purchaser. By sections 18, 23, 24, 25, 26 and 29 of the same title it is provided, that it shall be the duty of the comptroller to take all the steps necessary to entitle the city to a declaration of sale of the lands struck off to it upon a sale for unpaid taxes and assessments, and to procure such declaration of sale to the city when it is entitled thereto ; and that after the expiration of nine months, and before the expiration of three years from the time of sale, a purchaser may give notice to the owner, occupant and mortgagees of the l§.nd so sold to redeem the same within three months thereafter ; that if any parcel of land so sold shall not be redeemed within three months after service of the notice to redeem, the common council may grant to the purchaser or his assigns a declaration of sale; that a declaration of sale shall not be granted until after the expiration of three months from the service of the notice, nor after the expiration of five years from the sale ; that the declaration of sale shall state that the land, describing it, *435 was sold, specifying the day of the sale, to whom sold, and the period of time for which it was sold, for the non-payment of taxes and assessments upon it, naming them. The declaration of sale shall be under the seal of the city, be attested by the mayor and city clerk, shall be presumptive evidence that the taxes and assessments named therein were legally imposed, that due proceedings to authorize the sale were had, and that the sale was regular; it may be recorded as a lease of real estate, and the grantee therein shall have, hold, and enjoy the premises during the term for which the same was granted, free and “clear of all claim of the owner and of all persons interested therein.
From this summary of the provisions of the charter it is evident: First. That the lien of taxes and assessments upon the lands assessed is limited to five years from the delivery of the assessment roll to the city treasurer.
Second. That the lien must be enforced by a sale of the lands before it expires ; that is, before the five years elapse.
Third. That the owner, occupant, and every mortgagee of the land.is entitled to notice to redeem it from the sale, which notice may not be served until the expiration of nine months from the time of the sale, and must be served before the expiration of three years from that time.
Fourth. That the redemption must be made within three months after the service of the notice to redeem, and
Fifth. That a declaration of sale cannot be granted 1 until after the time to redeem (three months) has expired, nor after the expiration of five years from the time of the sale.
The case agreed upon by the parties does not state when the lien of any of the taxes and assessments for which the land in question was sold attached; and we *436 cannot therefore determine whether any of the sales were made while the taxes and assessments were a lien. But assuming that they were, the sales and the comptroller s certificates thereof having been made in the month of April, in the years 1873, 1874 and 1875, the time (three years) within which the city, as the holder of the certificates, could require the owner to redeem by service of notice upon him, had expired more than two years before the contract of sale between the parties to this action was made, and no notice to redeem having been served on the owner or any other person, the sales and the several certificates thereof had, at the date of the contract, ceased to have any force or validity whatever, and could form no grounds for any .claim by the city, as the holder of the certificates, to the land sold or any interest therein. The taxes ceased to be a lien when the sales were made, and no attempt having been made to compel a redemption of the lands from the sales within the time limited by the statute for that purpose, no such redemption could be enforced at the date of the defendant’s contract of sale, nor at any time thereafter. The rights of the city as the purchaser at the tax sales having entirely ceased, the tax sales and certificates therefor could not in any sense be an incumbrance or lien upon the land in question at the date of the contract of sale. The only rights which the city acquired as the purchaser at the tax sale were to compel the owner, occupant or mortgagee of the land to redeem it from the sale within three months after service of notice to redeem, provided such notice was served within three years after the tax sale; and in case of a failure to redeem, to have a declaration of sale of land made, under which the city could take possession of, hold, use and enjoy the land for the term of its purchase. Not having exercised the right to compel a redemption within the time allowed by the statute for that purpose, no declaration *437 can ever be macle, nor can any entry be made upon the land, or the possession of the owner be in any manner disturbed by virtue of either of the tax sales.
And not only had the right of the city to enforce redemption of the land from the tax ceased by reason of the failure to exercise that right within the time limited by the statute, when this contract of sale was made, but even had that right been duly exercised, no declaration of sale could have been made at the date of the contract between these parties, for the reason that by the express terms of the statute no such declaration can be made after the expiration of five years from the time of the tax sale, and more than five years had expired from the date of the latest tax sale, and no declaration of sale had been made. It is only by virtue of the declaration of sale that the purchaser at a tax sale can enter upon the land or disturb the owner’s possession and enjoyment thereof. , As the time within which the declaration of sale could be granted had expired before the parties made their contract of sale, the claim of the purchaser at the tax sale had wholly ceased, and was no lien or incumbrance on the land.
It is hardly necessary to say that the limitations prescribed by statutes which provide for the collection of taxes by sale of the land assessed, are and always have been rigidly enforced by the courts.. Unless every provision of the statute designed for the security or protection of the tax-payers has been fully and substantially complied with, the claim of the purchasers at the tax sale must fail. In the language of Chief Justice Savage, in a case arising under a tax sale (Jackson v. Esty, 7 Wend. 148): “It is a cardinal principle that a man shall not be divested of his interest in his property, but by his own acts, or the operation of law; and where proceedings are instituted to change the title to real estate by operation of law, the requirements of the law under which the proceedings *438 are had must be strictly pursued.” See also as illustrating this- doctrine, Jackson v. Shepard, 7 Cow. 88; Bloom v. Burdick, 1 Hill, 131; Sharp v. Speir, 4 Id. 76; Sharp v. Johnson, 4 Id., 92; Bunner v. Eastman, 50 Barb. 639; Whitney v. Thomas, 23 N. Y. 281; Cruger v. Dougherty, 43 Id. 107; Westbrook v. Willey, 47 Id. 457; Dorn v. Backer, 61 Id. 261; Sears v. Terry, 26 Conn. 273, 285.
The question submitted to the court in this case must be answered in the negative, and judgment rendered for the sum due the plaintiff, with costs, proper provisions being made for the delivery of the deed upon payment of the judgment.
Sheldon, Ch. J.
By the terms of the charter organizing the municipality known as the city of Buffalo, a power is given to impose taxes and assessments upon the property within the territorial limits of the city, for the purposes of supporting, governing and maintaining its corporate existence. It is a power delegated from the sovereignty of the State ; not an inherent corporate power, but dependent for its very vitality upon the terms, limitations, directions and restrictions contained within the charter. The corporation exists solely by virtue of the statute creating it, and must proceed in its work of government in precise conformity to the statutory provisions by virtue of which it became a corporation. The sa me rule always applied to the proceedings of courts or tribunals .of limited and inferior jurisdiction ; requiring all proceedings to comply with the terms of the statutes creating them. It is obvious how wise and important this rule is, designed to insure the protection of the citizen in his rights of personal liberty and property ; that he may know they exist by no uncertain tenure, and that he cannot be deprived of them except through the observance of the forms of law.
*439 The case «agreed upon and submitted for determination illustrates the propriety, as well as the necessity, of enforcing the rules of law applicable to the facts. The city of Buffalo, acting in pursuance of its charter, duly imposed taxes and assessments upon the property in question, and that charter provided that they should be a lien upon the lands upon which they were levied and assessed for five years from the time of the delivery of the assessment rolls to the treasurer. The collection of every tax and assessment returned by the treasurer as unpaid, was to be enforced by a sale of the lands, which sale should be made by the comptroller while the tax or assessment was a lien upon them, and further provided for an annual sale of such lands and the issuing of a certificate of sale for each parcel sold, which certificate should state the various particulars and be delivered to the purchaser, and if the city was the purchaser, then to the city, and that upon taking certain steps a declaration of sale might be granted to the purchaser. These steps were in the nature of a foreclosure of the right of redemption by the owner. The material one, affecting the disposition of this case, was, that after the expiration of nine months and before the expiration of three years from the time of sale, the purchaser might give notice to the owner, occupant and mortgagees of the land so sold, to redeem the same within three months thereafter, and if no redemption was thus made, the common council might grant to the purchaser' or his assignee the declaration of sale, but such declaration should not be granted until after the expiration of three months from the service of the notice, nor after the expiration of five years from the sale. The effect of the declaration is further declared, insuring to the purchaser the right to enter and use and enjoy the property for a term of years. The city, if it become the purchaser, as is allowed, had the same rights and must resort *440 to the same remedies and proceedings as any purchaser.
Now, according to the very terms of the charter, the lien of the taxes and assessments in question was limited to five years from the Limes of the delivery of the respective rolls to the treasurer, and the power to grant the declaration to five years from the time of sale. These provisions were wisely inserted in the statutes, for the reason that the sovereignty should be held to some limitation in the exercise of its conceded right to incumber and sequestrate the property of the citizen. An illustration of this principle is found in our statute of limitations, by which it is provided that the people of the State of New York will not sue a person for or with respect to real property by reason of the right or title of the people to the same, unless the cause of action accrued within forty years before the action is commenced. If not commenced within forty years, and the rights of the people asserted by judicial proceeding, the State is barred. It should not be allowed to impose the tax and acquire a lien paramount to the rights of the owner and all others interested in the property, and take no further steps for the enforcement of that lien, and therefore the legislature expressly limited the duration of it; thereby in effect declaring that with the expiration of the five years the lien should be inoperative, and the property, in judgment of law, released from the burden. This limitation worked no hardship to the sovereignty, for it was empowered to proceed in rem against the property and acquire the possession and use thereof for a term of years. The property was to be sold at public auction, and the city, in default of any purchaser, was empowered to bid, but that sale was required to be had before the lien expired. Whoever purchased was obliged to serve notices to redeem from the sale, bat such notices could not be served until nine months *441 from the day of sale had expired, and must be served before the expiration of three years from that time. If no redemption was made within three months then the leclaration of sale would be issued, but that declaration coaid not be granted or issued after the expiration of five years from the time of sale. A complete and effective system for the enforcement of the lien and the collection of the tax was thus devised, which, had it been resorted to, would have compelled payment.
Mow the case shows that the city became the owner of the certificates of sales in the years 1873, 1874 and 1875, and that the time within which, as such holder, it could require the owner to redeem by serving the prescribed notices, had expired more than two years before the contract of sale was executed. It served no notice, to redeem, and the consequence follows that the sales and the certificates of sale had, at the time of the contract, ceased to have validity. The requirements of the law have not been observed, and no declaration contemplated by the charter can ever be granted or issued. For all purposes, the taxes and assessments were discharged, and the city had lost all rights it acquired as purchaser to enforce the payment, and the property was freed and absolved from the burdens before the date of the contract between these parties.
The correct principle governing cases of this kind, I believe to be, that when the legislature empowers any officers or boards, or a municipality, to impose liens or' burdens upon the property of the citizen, impairing or divesting his interest or title therein, as they existed under the protection of the common law of the land, the mode and manner of proceeding must be strictly pursued and observed according to the statute, or the object is not accomplished, but entirely fails.
I therefore agree in the conclusion that the question submitted must be answered in the negative.