Wallace, J.
Unless the plaintiff can give a marketable title to the real estate purchased by the defendant by *221 contract, specific performance of the contract should not be-decreed.
The principal objection to the title is that the sale of' the real estate by the general assignee in bankruptcy, made-in May, 1844, was void, and did not pass to the purchaser the title of the bankrupt. The ground of this objection is-that the court in bankruptcy did not appoint the time of sale as required by section 9 of the Bankrupt Act of 1841. .That section reads as follows :
“ And be it further enacted, that all sales, transfers and. other conveyances by the assignee of the bankrupt’s property and rights of property shall be made at such times, and in such manner, as shall be ordered and appointed by the-court in bankruptcy.”
The court in bankruptcy had adopted rules' under the provisions of the act. Bules 61 and 82 only need to be-referred to. Buie 62 was as follows :
“Six days previous notice by public advertisement should be given of the sale of personal effects, fourteen, days of real estate, to be published where the notice to show cause on the petition for the decree of bankruptcy was-published.” Buie 82 was as follows: “Every assignee within thirty days after receiving a decree of bankruptcy. . . .. shall file and have noted on the docket of the case. ... a-, report of such property or interests of the bankrupt as in the opinion of the assignee is of uncertain value and ought to be disposed of at public sale.without incurring further' expense or delay respecting it. Exceptions to be filed within ten days from the filng of the report. If no exceptions be filed, then, at the expiration of ten days, the assignee may make an order on the docket pursuant to his report, which order shall be final in the matter.”
It is in evidence that the assignee made a report pursuant to Buie 82, and included the real estate in question in the property, which in his opinion ought to be disposed of' at ^public sale; that no exceptions were filed to the report; that the assignee published the fourteen days’ notice of sale- *222 of the real estate, as required by Rule 61; and that May 7, 1844, he executed a deed of the real estate to the purchaser, upon the sale, which recited a sale pursuant to the terms of the advertised notice. '
It would be a narrow and unreasonable construction of section 9, to construe it as intended to require a special order to be made by the court in bankruptcy whenever it might be desirable to sell any part of the bankrupt’s property. The language of the section is satisfied if the sale is made pursuant to a rule or general order of the court in bankruptcy, which prescribes when and how sales are to be made. Such a rule, while not intended to trammel the ■discretion of the court in any special case, is equivalent to an order in every case falling within the class covered by it; and as was said by Choate, J., in Re Mott (6 Fed. Hep. 685), “is a practical and sufficient compliance with the statute.”
In Smith v. Long (12 Abb. N. C. 113*) an opinion was expressed contrary to these views, but the opinion was obiter; and in Palmer v. Morrison (104 N. Y. 132), the same ■court took occasion to declare the question to be undecided by Smith v. Long. The case of Osborn v. Baxter, 4 Cush. (Mass.) 406, cited in Smith v. Long, and relied upon as authority for the opinion there expressed, is plainly ■distinguishable • from the present case. In that case the rule of the court in bankruptcy was, that the court should by its order “direct the time and place of the sale;” but the assignee sold without any such order. The court had not, as here, appointed in advance when and how the sale should be made.
A further objection is made by the defendant that the title did not pass under the conveyance by the assignee, because of a misdescription of the premises in his notice of sale. The erroneous reference to the lot as on “ 62d *223 street,” in the advertisement, was corrected and nullified by the description of the lots by map and number; and without this the description would probably be sufficiently certain by the reference to the lots in the advertisement as part of the bankrupt’s property. The rules which test the sufficiency of a description of property conveyed, are the same, whether the deed be made by the grantor in his own right or by an officer of the court upon a judicial sale (White v. Luning, 93 U. S. 514); and the addition of erroneous descriptive matter will not vitiate the conveyance, when there are sufficient particulars correctly given in the instrument to enable the parties to identify the property (Dygert v. Pletts, 25 Wend. 402; Jackson v Clark, 7 John. 217; Jackson v. Root, 18 Id. 60; Jackson v. Marsh, 6 Cow. 281; Hathaway v. Power, 6 Hill, 453).
The further objection is also made by the defendant that the plaintiff, as administrator with the will annexed of Kennedy, deceased, cannot give good title to the real estate contracted to be sold by the executors of Kennedy. The terms of the will authorized the executors to sell and convey the real estate of the testator at their discretion, at any time before the youngest person entitled to receive a share cf the real estate, under the will, should attain the age of twenty-one years. After the executors had entered into the contract for the sale of the real estate to the defendant, but after they had tendered a deed to the defendant, pursuant to the terms of the contract, one of them died. This suit was brought by the surviving executor, but he resigned in December, 1885, and the plaintiff was appointed administrator, with the will annexed, and upon the death of the surviving executor, which occurred shortly after his resignation, the action was revived, and the administrator substituted as •plaintiff. The deed was tendered by the executors to the plaintiff, May 17,1884. At that time the proceedings, which had been had in the District Court of the United States for the Southern District of New York, for a re-sale of the real estate by the general assignee in bankruptcy, had been *224 annulled by the order of that court, and the only defects in the title then tendered to the defendant were those predicated upon the objections which have been considered. The present objection comes with ill grace from the defendant, because he" should have accepted the deed tendered by the executors; and if it were true that good title cannot now be made, the consequences should fall upon the defendant rather than upon the plaintiff, who is in no way responsible for the situation. But it seems reasonably clear that a deed from the plaintiff will give the defendant a good title. The executors had exercised the discretionary power given to them by the will, conformably with the terms of the trust, so far as to enter into a contract with the defendant for the sale-an d conveyance of the real estate. If this was a complete-execution of the power of sale, their rights and duties-thereafter, in respect to the enforcement of the contract, were those strictly of executors and not of trustees. There can be no doubt that the defendant, notwithstanding the-death of the executors, could compel a specific performance of the contract. In such a suit,.however, the devisees of the testator would be necessary parties (Fry, Specific Performance, § 190). The statute provides that administrators with the will annexed “ shall have the same rights and- powers and be subject to the same duties as - if they had been-named executors in such will ” (2 Rev. Stat. 72, § 22; same Stat. 3Id., 7 ed., 2289). Judge Dentó said in Boome v. Phillips (27 N. Y. 357, 363), that as an original question he should have supposed that under this statute such an administrator was competent to- execute a discretionary power to sell and convey real estate conferred by the will on an executor. But the decisions of the courts of the State, including the court of last resort, are the other way and it is held that where the power is discretionary the executor takes it in a capacity distinctly different from that of executor, and he is to be regarded as trustee and not as-executor. The power does not pass under the statute to an administrator with the will annexed (Mott v. Ackerman, 92 *225 N. 7. 539). If the power in trust conferred upon the executors by the will was fully exercised when they made the contract with the defendant, and thereafter their only duties in the premises were to execute a conveyance and receive the purchase money, these duties were executor’s duties, not involving discretion, and can therefore be carried into effect by an administrator with the will annexed. It wTas held in Demarest v. Bay (29 Barb. 563) that such a power is executed as well by an executory contract made by the trustees, as by- a deed of present bargain and sale. The. question now presented was involved in the case of Mott v.. Ackerman, but the power of sale in the will in that case; was held by the court to be an imperative and not a discretionary one; and the court did not consider the question; because the conclusion was reached that such a power could! be exercised by the administrator as completely as by the-' executor.
A decree is ordered for the complainant.

 Eev’g 9 Daly, 429, on the ground that the sale was not made in accordance with the statute.